EX PARTE B. A. LONG.

No. 19993.   Delivered October 12, 1938.
Rehearing denied November 23, 1938.

The opinion states the case.

*M. E. Gates*, of Huntsville, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—This is an application for a writ of habeas corpus by relator who is confined in the prison system of this State, in which he alleges his confinement to be illegal mainly on account of what he contends are defects in the indictment upon which his conviction was heretofore predicated.

It appears from the record that appellant was convicted of the offense of swindling, in the district court of Hunt County,

Texas, and upon a trial thereof was awarded a penalty of five years, and is now serving such term in the State Penitentiary.

The judgment and sentence of the trial court appear to be regular and in proper and legal form; the indictment appears to charge an offense denounced by the criminal statutes of our State, and the only proposition that we find ourselves confronted with seems to be the contention that the allegations of the indictment are not sufficient to charge such offense of swindling.

The writ of habeas corpus will not lie for the purpose of testing the sufficiency of the allegations in an indictment. In support of this proposition see the recent case of Ex parte Helton, 79 S. W. (2d) 139. We quote from Ex parte Vaughan, 93 Texas Crim. Rep. 112, 246 S. W. 373: "This Court takes no note of the form of the complaint, but in habeas corpus proceedings of this character will go no further than to determine whether the arrest or conviction is supported by a law under which a valid complaint may be drawn. See Ex parte Cox, 53 Texas Crim. Rep. 240; Ex parte Jennings, 76 Texas Crim. Rep. 116; Ex parte Rogers, 83 Texas Crim. Rep. 152; Ex parte Roquemore, 60 Texas Crim. Rep. 282; Ex parte McKay, 82 Texas Crim. Rep. 221; Ex parte Garcia, 90 Texas Crim. Rep. 287."

We quote from Ex parte Garcia, supra: "When one has been indicted by a legal grand jury and becomes the defendant in a prosecution pending in a court of competent jurisdiction, we believe that he may present every defense known to our law and every right secured to him by such laws,—to the trial courts and to this Court on appeal; or by one of the statutory writs mentioned above. We conclude that failing to invoke the aid of such courts by one of these methods he can not now avail himself of a writ of habeas corpus to test the sufficiency of the indictment."

The last quoted case was one very similar in facts to the instant one, and the Court's holding therein is very persuasive in this matter.

The judgment of the trial court in remanding relator to the custody of the State prison authorities is affirmed.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have carefully reviewed the record in the light of the motion for rehearing filed by the

relator and are constrained to conclude that the proper disposition of the case was made upon the original submission. The motion for rehearing is therefore overruled.