**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Clarence E. GILL, Defendant-Appellant.**

**No. 71-1784**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1972.

Joseph N. Marcal, III, New Orleans, La. (Court appointed), for defendant-appellant.

\* <span></span> Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Gerald J. Gallinghouse, U. S. Atty., Robert L. Livingston, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

THORNBERRY, Circuit Judge:

This is an appeal from a conviction for transporting a stolen motor vehicle in interstate commerce. 18 U.S.C.A. § 2312.

Appellant was arrested in Louisiana in a 1964 Oldsmobile, which he admitted having stolen in Louisiana. However, after tracing the vehicle's serial number, federal authorities determined it had been stolen from an automobile dealer in Mobile, Alabama. FBI Agent Degnan went to Mobile where he questioned Hall, who worked at the dealership. Hall remembered two men inquiring about the Oldsmobile shortly before it disappeared. He described one of them as a large, hairy, wrestler type, a description that fits appellant. Hall was then shown eight photographs and asked if any were the man he had just described. He picked out a photo of appellant. Hall testified at appellant's trial and identified him in court.

▆ Appellant raises only one point on appeal. He argues that Hall's in-court identification should not have been admitted since appellant's counsel was not present in Mobile when the photographs were shown to Hall.

This conviction must be affirmed for several reasons. First, appellant concedes that he waived appointment of counsel prior to indictment on the federal charge, and thus had no counsel at the time of the challenged photographic display. He does not assert that this waiver was other than knowing and intelligent, but appears to contend an attorney should have been appointed despite the waiver and sent to Mobile. Appellant's waiver of counsel was apparently effective, but we shall, nevertheless, reach the alternative basis for our holding that appellant's sixth amendment rights were not violated by the absence of

counsel at the photographic identification.

In Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968), the Supreme Court said:

Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eye-witnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that *convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.* This standard accords with our resolution of a similar issue in Stovall v. Denno, 388 U.S. 293, 301–302 [87 S.Ct. 1967, 1972–1973, 18 L.Ed.2d 1199], and with decisions of other courts on the question of identification by photograph. (Emphasis added)

In the instant case Hall talked to appellant in broad daylight. Two months later he was questioned by Agent Degnan, who asked him to describe the man who had inquired about the Oldsmobile that later disappeared. Hall described appellant accurately as a large man of remarkable appearance. Degnan then displayed the photographs and without prompting Hall picked out appellant. The photos were not marked in any way

that would call attention to appellant's picture.

Hall testified that his in-court identification of appellant was based on his recollection of appellant's appearance when the two men talked in Mobile. Despite vigorous cross-examination by appellant's attorney, Hall insisted that he remembered appellant from their personal encounter rather than from the photographic display and that he had picked out appellant's photograph without prompting from the FBI Agent. The record is devoid of evidence that "the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, *supra*, at 384, 88 S.Ct. at 971. *See* United States v. Driscoll, 454 F.2d 792, 5th Cir. [1972].

Finally, appellant relies on United States v. Zeiler, 3rd Cir. 1970, 427 F.2d 1305, in which the court held that "the rule of the *Wade* case [United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967)] applies to pretrial photographic identifications of an accused who is in custody." The Supreme Court held in *Wade* that counsel should be present at post-indictment lineups. *Zeiler* extended *Wade* to photographic identifications of an accused who is in custody even though not yet indicted. *Zeiler* is, however, distinguishable from the instant case. Zeiler was represented by counsel. A lineup was scheduled at which his counsel planned to be present. However, before the lineup FBI agents displayed photographs to witnesses out of the presence of the attorney. The photographs were highly suggestive. There were three of Zeiler and only one of each of the other supposed suspects. The witnesses had said the robber was wearing glasses and of the persons depicted only Zeiler's picture showed the subject wearing glasses. His photos were common snapshots while those of the others were obviously police mug-shots. Furthermore, many of the witnesses had been robbed by the man suspected to be Zeiler three years before being asked to identify the pictures. Finally, the photographs were shown to the witnesses as an aid in the prosecution of Zeiler for a crime of which he was accused and for which he was in custody.

In the present case, although appellant, who was found in possession of a car in Louisiana that had been stolen in Alabama, was certainly suspected of a federal crime at the time the pictures were shown to Hall, he was not yet "accused" except under state law and was in custody for the state offense. It was only after Hall identified appellant's photo that the basic elements of the federal crime were supplied and appellant could be termed the "accused" under the rationale of *Zeiler*. When Agent Degnan went to Mobile, appellant's case was still at the investigatory stage. Appellant urges us to hold that *Wade* and *Zeiler* require, without exception, the presence of counsel at photographic identifications of the accused once he has become a suspect in a criminal investigation. No court has thus extended *Wade*, and we refuse to do so. Instead, we shall follow the guidance of the Supreme Court in *Simmons, supra*, and consider each case on its own facts.

[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

Simmons v. United States, *supra*, 390 U.S. at 384, 88 S.Ct. at 971. In the instant case, in contrast to *Zeiler*, the photographic identification was not "impermissibly suggestive" and it did not "give rise to a very substantial likelihood of irreparable misidentification."

Affirmed.