**Oscar A. BUENO, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 71-1806**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 4, 1972.

Rehearing Denied April 27, 1972.

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

458

George G. Brin, Corpus Christi, Tex. (court appointed), for petitioner-appellant.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Roland Daniel Green, III, Robert C. Flowers, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

INGRAHAM, Circuit Judge:

Appellant, a state prisoner presently serving a life term, was convicted by a jury in Nueces County, Texas, of robbery by assault with one enhancement count. His conviction was affirmed by the Court of Criminal Appeals on December 14, 1966, and a petition for writ of habeas corpus to the same court was denied on July 7, 1969. Appellant, having thus exhausted his state remedies, applied to the Federal district court sitting in Corpus Christi, Texas, for a writ of habeas corpus. A hearing was held and the writ was denied. This appeal followed.

Bueno was arrested on October 2, 1965, pursuant to a warrant based on complaint. The following day two witnesses, Manuel Jimenez and Arnold Munoz, two of the employees on duty at the time of the robbery, viewed the appellant in a five man line-up and identified him as one of the participants in the crime. On October 21st a third store employee, Joseph Hernandez, identified petitioner from a picture of the previously held line-up. The October 2nd arrest was held to have been invalid. A grand jury indicted appellant on December 16 for the offense of robbery with firearms and as an habitual criminal. The state waived the capital portion of the indictment. During his trial the appellant, by bill of exception, introduced evidence to show that the in-court testimony of the three store employees was tainted, either directly or indirectly, by their prior identification of appellant, appellant here arguing that the line-up was constitutionally defective. Each time this issue has been litigated, appellant has lost. Bueno v. State, 409 S.W. 2d 421 (Tex.Cr.App.1966)

On appeal appellant raises the following arguments:

A—The testimony of witnesses Hernandez, Jimenez and Munoz identifying him as one of the participants in the robbery was tainted by the earlier identification of appellant by the witnesses during the five man line-up, which was unfairly and suggestively conducted during a period of time when appellant was being illegally detained and was without counsel.

B—The indictment returned by the grand jury and read to the jury at the commencement of appellant's trial failed to state an offense under the Texas Penal Code.

C—The use of appellant's fingerprints obtained during a period when he was being illegally detained for purposes of identifying him with prior convictions, introduced for enhancement purposes, was in violation of his rights under the Fourth Amendment.

■ Taking appellant's arguments in reverse order, he argues that the fingerprints obtained from him on December 7, during a period of illegal detention, were improperly admitted into evidence for the purpose of identifying him with prior convictions which were then introduced for enhancement purposes. However, the district court found, as a matter of fact, that the allegedly tainted fingerprints were not utilized as the exclusive means of relating the appellant to the prior conviction, and the procedure employed must be deemed constitutionally adequate, particularly in view of the Court of Criminal Appeals affirmance of petitioner's conviction. In this conclusion the district court finds support in Murphy v. Beto, 416 F.2d 98 (5th Cir., 1969).

■ Appellant's second argument that the indictment returned by the grand jury failed to state an offense under the Texas Penal Code was likewise correctly handled by the district court. The indictment in the instant case was upheld on direct appeal by the Court of Criminal Appeals and was further considered by that court and found sufficient on appellant's habeas corpus application. In such circumstances a Federal court should not inquire further into the wisdom of the judgment. Murphy v. Beto, *supra.*

■ Appellant's first argument, however, raises a substantial question. His conviction and the line-up occurred prior to the Supreme Court's holding in the case of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and its companion case, Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). In these cases the Supreme Court extended the Sixth Amendment guarantee of a right to counsel to post-indictment line-up proceedings. In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), the Supreme Court held that the *Wade* rule was to be of prospective application only. Appellant, however, argues that *Wade* made no new law and was merely an extension of the right to counsel which the Supreme Court articulated in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). In this we must rely on Stovall v. Denno, *supra,* and hold that this count asking for retroactive application of *Wade* must be denied.

Appellant also contends that the line-up took place during a period of illegal detention, and that this circumstance taints the subsequent court room identification. As to the illegality of his detention at the time the line-up in fact occurred, appellant is, of course, correct. At his trial the State trial judge found that his arrest on October 2nd was invalid and that the line-up occurred on October 3rd, whereas the grand jury indictment was not handed down until December 16, all in the same year. By motion during the course of the trial, appellant has preserved his objections to the introduction of the in-court identification. He asserts that the in-court identification by all three witnesses was based to some degree on the line-up, and that the line-up was unfairly and suggestively conducted.

■ The question before this court is whether the confrontation at the line-up was so unnecessarily suggestive that he was denied due process of law, or that the confrontation resulted in such unfairness that it infringed his right to due process of law. Both of these questions were left open to persons convicted prior to June 12, 1967 by the Supreme Court's decision in *Stovall, supra.* See also Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). The court may properly consider these questions as the appellant, through the State habeas corpus proceedings and the direct attack on his

conviction, has raised the same issues before the State court.

■■ The test which this circuit applies requires that evidence of identification resulting from a line-up, in order to be admissible aside from the issues of the right to counsel or privilege against self-incrimination, must meet the due process standard of fairness as stated in *Stovall*. Crume v. Beto, 383 F.2d 36 (5th Cir., 1967); cert. den., 395 U.S. 964, 89 S.Ct. 2106, 23 L.Ed.2d 749 (1968). The district court found, and there is sufficient evidence in the record to support this finding,[1] that under the totality of circumstances the line-up was not so suggestive that the in-court identification was irreparably tainted. In United States, ex rel Phipps v. Follette, 428 F.2d 912 (2nd Cir., 1970), the Second Circuit held that the resolution of the issue, of whether a show-up proceeding antedating *Wade* was so unnecessarily or impermissibly suggestive as to be conducive to irreparable mistake and identification, or to give rise to a very substantial likelihood of irreparable misidentification, was in the first instance left for the trial court's consideration. A comparable procedure was recommended by this court in United States v. Sutherland, 428 F.2d 1152.[2] See also United States v. Gill, 455 F.2d 1094 (5th Cir., 1972); United States v. Driscoll, 454 F.2d 792 (5th Cir., 1972); Annot. 39 A.L.R.3d 1000.

After a full examination of the record we affirm the district court's denial of habeas corpus relief.

Affirmed.

---

1. The district court's unpublished memoranda opinion spoke of this issue, stating:
   "Petitioner offers the following to support his contention that the 'totality of circumstances' here renders the identifications defective:
   (1) the witnesses Arnold Munoz and Manuel Jiminez viewed the lineup together and spoke to each other concerning identification of petitioner;
   (2) petitioner was placed in a lineup with four other men, three of whom were much older than petitioner;
   (3) petitioner was the only member of the lineup dressed in a blue shirt and dress pants, the exact clothing described prior to the lineup as having been worn by one of the robbers; witness Munoz testified that petitioner's clothes were a compelling factor in his identification; and no effort was made to dress petitioner in trustee clothes.
   Viewed alone, such circumstances might well be deemed sufficient to taint the in-court identifications based on this lineup. But other factors are present. Each of the three employee witnesses identified petitioner either tentatively or positively from photographs seen shortly after the robbery. Witness Jimenez submitted an affidavit that he recognized petitioner as soon as he appeared in the lineup. Furthermore, the lineup itself was not so defectively composed that identification of petitioner by the witnesses was rendered inevitable. All five participants in the lineup were of Spanish descent and all were approximately the same size. Witness Munoz testified that, although he conversed with witness Jimenez during the lineup, neither tried to persuade the other.
   "Probably the most important circumstances tending to negate a finding that the lineup was tainted is the identification of petitioner by a third witness, Joe Hernandez, who did not view the lineup, at all, but only a black and white photograph of it, and, from this and other photographs, positively identified petitioner. This independent confirmation of petitioner's identity avoids two of petitioner's major points of error: the conversation between Jimenez and Munoz while they were viewing the lineup; and the fact of petitioner's being dressed in clothes identical to those worn by one of the robbers. * * *"

2. We intimate no opinion as to whether assistance of counsel was or should be required before admission of an in-court identification based solely on photographic identification. Compare the considerations articulated by the D.C. Circuit companion en banc decisions of March 1, 1972. United States v. Brown, et al., 461 F.2d 134 (D.C.Cir., 1972); and United States v. Ash, 461 F.2d 92 (D.C.Cir., 1972).