**Maggie Christina REJCEK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 53381 to 53383.**

Court of Criminal Appeals of Texas.

Jan. 5, 1977.

Donald R. Scoggins, Dallas, for appellant.

Henry Wade, Dist. Atty. and Sue Lagarde, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These are appeals from orders revoking probation.

On September 18, 1975, the appellant waived indictment and trial by jury and entered a plea of guilty in each of three cases in which she was charged by information with obtaining possession of phenmetrazine, in violation of Section 4.09(a)(3) of the Controlled Substances Act. The punishment assessed in each case was imprisonment for 5 years. The imposition of sentence was suspended and appellant was placed on probation.

On February 20, 1976, a motion to revoke probation was filed in each case alleging that appellant had violated a condition of her probation that she would not commit an offense against the laws of this state in that on or about the 15th day of February,

1976, she attempted to obtain a controlled substance by passing a forged prescription.

On March 5, 1976, a hearing was held on the motion to revoke probation. The State offered into evidence appellant's written judicial confession and stipulations to the facts surrounding the alleged attempt to obtain a controlled substance by presenting a forged prescription on February 15, 1976. The court found that appellant had violated a condition of her probation, reduced her punishment to imprisonment for 2 years, revoked probation, and pronounced sentence.

Appellant's court-appointed counsel filed a brief in which he has concluded that these appeals are wholly frivolous and without merit. We do not agree.

■ A fundamentally defective indictment or information may be collaterally attacked on appeal from a revocation of probation. *Huggins v. State,* 544 S.W.2d 147 (Tex.Cr.App.1976); *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975). See also *Ramirez v. State,* 486 S.W.2d 373 (Tex.Cr. App.1972).

■ Since each information under which the appellant was convicted is fundamentally defective, the judgments must be reversed. E. g. the information, in pertinent part, in Cause No. 53,381, alleges that:

". . . did unlawfully: then and there knowingly and intentionally acquire and obtain possession of a controlled substance, namely: PHENMATRAZINE by misrepresentation, fraud, deception, and subterfuge, in that he, the said defendant, did then and there present to Dwayne Wallace, a pharmacist, a prescription for said controlled substance, said prescription purportedly to prescribe said controlled substance for Tina Hall."

This is almost the identical pleading which we have held this day to be fatally defective in *Posey v. State,* 545 S.W.2d 162 (Tex.Cr.App.1977).

For the same reasons stated in *Posey v. State,* supra, these judgments are reversed

and the information in each case is ordered dismissed.

Opinion approved by the Court.