Ex parte Terry David WINTON.

No. 54508.

Court of Criminal Appeals of Texas.

April 27, 1977.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is a post-conviction habeas corpus application filed pursuant to Art. 11.07, V.A.C.C.P.

On July 9, 1975, petitioner pleaded guilty to burglary and punishment was assessed at twenty years. No appeal was taken.

Petitioner contends *inter alia* that the indictment is fundamentally defective. The indictment alleges in pertinent part that he

"did then and there enter a building without the effective consent of Gary Minshew, the owner, and therein attempted to commit and committed theft. . . ."

Petitioner attacks this indictment for failure to allege a culpable mental state.

▮ It is fundamental that an indictment must allege all essential elements of the offense sought to be charged. See, e. g., *Reynolds v. State*, Tex.Cr.App., 547 S.W.2d 590 (1977); *Ex parte Cannon*, Tex. Cr.App., 546 S.W.2d 266 (1976); *Rejcek v. State*, Tex.Cr.App., 545 S.W.2d 164; *Posey v. State*, Tex.Cr.App., 545 S.W.2d 162; *Ex parte Garcia*, Tex.Cr.App., 544 S.W.2d 432; *Ex parte Lewis*, Tex.Cr.App., 544 S.W.2d 430; *Willis v. State*, Tex.Cr.App., 544 S.W.2d 150; *Huggins v. State*, Tex.Cr.App., 544 S.W.2d 147; *Ronk v. State*, Tex.Cr. App., 544 S.W.2d 123; *Pickett v. State*, 542 S.W.2d 868; *Timms v. State*, Tex.Cr.App., 542 S.W.2d 424; *Ex parte Jones*, Tex.Cr. App., 542 S.W.2d 179; *Adams v. State*, 540 S.W.2d 733.

V.T.C.A., Penal Code Sec. 1.07(a)(13) provides:

" 'Element of offense' means:
(A) the forbidden conduct;
(B) the required culpability;
(C) any required result; and
(D) the negation of any exception to the offense."

V.T.C.A., Penal Code Sec. 6.02(a) and (b) provides:

"(a) Except as provided in Subsection (b) of this section, a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

"(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element."

V.T.C.A., Penal Code Sec. 30.02(a)(3), under which the State sought to bring this prosecution, provides:

"(a) A person commits an offense if, without the effective consent of the owner, he:
". . .
"(3) enters a building or habitation and commits or attempts to commit a felony or theft."

This statutory definition of burglary does not plainly dispense with any mental element, and therefore one is required by Sec. 6.02, supra. See *Day v. State*, Tex.Cr.App., 532 S.W.2d 302, 305, n. 1; *Braxton v. State*, Tex.Cr.App., 528 S.W.2d 844; contrast with *Ex parte Ross*, Tex.Cr.App., 522 S.W.2d 214.

▮ Where a culpable mental state is an element of the offense, failure to allege this element renders the indictment fundamentally defective. *Ex parte Garcia*, Tex. Cr.App., 544 S.W.2d 432. The indictment here challenged is therefore fundamentally defective.

For the reasons stated, relief is granted; the conviction is set aside and the indictment is ordered dismissed.

PHILLIPS, Judge, concurring.

For the reasons set forth in *Davila v. State*, Tex.Cr.App., 547 S.W.2d 606, I agree that the indictment is fundamentally defective, because it fails to allege a culpable mental state. I dissent solely on the ground that to permit a collateral attack upon a final judgment of conviction upon the ground of a defect in the indictment by omission of a material element is an undue expansion of the writ of habeas corpus. As to a defective indictment, inquiry on habeas corpus should be limited solely to whether there existed a valid law under which a valid indictment could have been drawn, *Ex parte Long*, 135 Tex.Cr.R. 520, 120 S.W.2d 1066; *Bueno v. Beto*, 458 F.2d 457 (5th Cir. 1972), and our decisions of recent years holding otherwise should be overruled. However, since the majority of this Court differs with me in this view, without alter-

ing my view, I accept such expansion of the writ of habeas corpus by my brethren as the present law of this State until a majority of this Court concludes otherwise. This being so, in order to afford equal protection of the laws to the petitioner herein, I concur in the result.