**Ex parte Charles Chadwick CRANFORD.**

**Nos. 61940, 61941.**

Court of Criminal Appeals of Texas, En Banc.

July 11, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

In two causes, the applicant seeks habeas corpus relief under Article 11.07, V.A.C.C.P.

He contends that both indictments are void for failing to allege a culpable mental state. Under past decisions of this Court, he is correct.

One indictment in part alleges that Cranford ". . . did then and there enter a building which was not open to the public, without the consent of Mrs. Agnes Shelton,

the owner, and therein attempted to commit and committed theft."

The other indictment alleges the same thing except that it alleges a different owner.

*Ex parte Winton,* 549 S.W.2d 751 (Tex.Cr. App.1977), is controlling. In that case the indictment alleged that Winton "did then and there enter a building without the effective consent of Gary Minshew, the owner, and therein attempted to commit and committed theft." The Court held that the indictment, which is the same as the two in the present causes, did not allege a culpable mental state and was fundamentally defective.

The indictments in the present causes are fundamentally defective under the *Winton* case.

Accordingly, the relief requested is granted and the prosecutions in both causes are ordered dismissed.