**Joseph William LEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 62202.

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 21, 1979.

Ronald G. Mock, Carol S. Vance, Dist. Atty., Kristen E. Moore and James S. England, Jr., Asst. Dist. Attys., Houston, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

OPINION

CLINTON, Judge.

This is an appeal from an order revoking appellant's probation and concomitant sentence to confinement in the Texas Department of Corrections. Regularity of original and revocation proceedings is not challenged.

At the outset, we are confronted with fundamental error that requires reversal in the interest of justice. Article 40.09(13), V.A.C.C.P.

The information to which appellant pled guilty purports to charge one variety of the offense of forgery, and alleges in pertinent part that appellant:

"   .   .   .   with intent to defraud and harm, forge the writing duplicated below by possessing it with intent to utter it and while knowing it was forged."

That an indictment or information alleging this kind of forgery which fails to allege that the writing purporting to be the act of another "who did not authorize the act" is fundamentally defective is now well settled. *Minix v. State,* 579 S.W.2d 466 (Tex.Cr.App.1979) (on motion for rehearing); *Landry v. State,* 583 S.W.2d 620 (Tex. Cr.App.1979) (on motion for rehearing).

Furthermore, it is well settled that a fundamentally defective indictment or information may be collaterally attacked on appeal from a revocation of probation. *Rejcek v. State,* 545 S.W.2d 164 (Tex.Cr.

App.1977); *Huggins v. State,* 544 S.W.2d 147 (Tex.Cr.App.1976); *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975).

Accordingly, the judgment is reversed and the information herein is ordered dismissed.