**James Gayle McFARLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64551.**

Court of Criminal Appeals of Texas,
Panel No. 3.

July 2, 1980.

Rehearing Denied Oct. 15, 1980.

John Emmett Crow, Pasadena, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, and Richard Bax, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for forgery by possession. Following his plea of guilty, appellant's punishment was assessed at six years.

At the outset, we are confronted with fundamental error which requires reversal in the interest of justice. Art. 40.09(13), V.A.C.C.P.

The indictment under which appellant was prosecuted alleges in pertinent part that appellant did:

"... unlawfully without authority and with intent to defraud and harm, forge the writing duplicated below by possessing it with intent to utter it while knowing it was forged: ..."

It has been held that an indictment for forgery by possession with intent to utter under V.T.C.A. Penal Code, Sec. 32.-21(a)(1)(C) must allege that the writing purported to be the act of another who did not authorize the act. See, *Ex parte Lee*, (Tex.Cr.App.), 589 S.W.2d 710; *Minix v. State*, 579 S.W.2d 466 (Tex.Cr.App.). We have further held that the "unauthorized act" element and the "purport" element are separate and distinct elements. See, *Roach v. State*, 586 S.W.2d 866 (Tex.Cr.App.); *Minix v. State*, supra.

■ Although appellant's indictment alleges that he acted "without authority," it fails to allege that the writing purported to be the act of another. We hold that such an omission renders the indictment fundamentally defective.

The State maintains that it was not necessary to allege the purport element and relies on *Jiminez v. State*, 552 S.W.2d 469 (Tex.Cr.App.). This contention was rejected in *Minix v. State*, supra at 468, when this Court stated:

"The State urges that the decision in this case is in conflict with *Jiminez v. State*, Tex.Cr.App., 552 S.W.2d 469, and *Jones v. State*, Tex.Cr.App., 545 S.W.2d 771. The element found missing in the indictment in this case was not expressly considered in those cases. *Jones* discussed failure of the indictment to allege that the accused knew the instrument was forged, and *Jiminez* discussed, inter alia, the purport element. Although the language upholding the *Jiminez* indictments against a purport clause challenge does say that the instrument set out purported to be the 'act of another who did not authorize the act,' it did so by relying on the 'purport' rule that rests on setting out the forged instrument in the indictment in haec verba, and failed to address the fact that the 'purport' and 'unauthorized act' elements

are separate and distinct. Furthermore, the *Jiminez* prosecutions were for forgery by making, so that the conflict between the allegation that the accused in fact made the instrument and the appearance from the face of the instrument set out haec verba that someone else made it was sufficient to supply the purport element under the haec verba rule. No such conflict arises in prosecutions for forgery by uttering or forgery by possessing with intent to utter."

The judgment is reversed and the indictment is ordered dismissed.

CLINTON, Judge, concurring.

Writing the panel opinion on original submission in *Minix v. State*, 579 S.W.2d 466 (Tex.Cr.App.1979), I equated in meaning, tenor and effect the terms "without lawful authority" and "who did not authorize that act," and understood the Court on rehearing did also.[1] In my view, either phrase necessarily contemplates and embraces the fact that the unauthorized act purports to be that of another,[2] but the majority relies on *Minix*, supra, so I am obliged to concur.[3]

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

PHILIPS, Judge.

On original submission the panel reversed appellant's conviction for forgery because

1. For the Court En Banc, Judge Odom found, "The element of forgery under Article 979, V.A.P.C. (1925) of 'without lawful authority' has been brought forward in V.T.C.A. Penal Code, Sec. 32.21(a)(1)(A)(i), which requires that the purported maker 'did not authorize the act' of making the writing." *Minix*, supra, at 467.

2. That the term "without authority" alleged in the instant indictment does not utilize the qualifier "lawful" is of no moment. One who is acting without permission or is exercising power not delegated to him as agent for another, Black's Law Dictionary (Revised Fourth Edition) 168, is surely "without authority"–lawful or otherwise–in purporting to act for another.

3. As to the "purport" element, since the Court rejected the broader proposition I advanced in ultimately dissenting in *Minix*, supra, at 468–

the indictment failed to allege that the check purported to be the act of another. The state has filed a motion for rehearing urging that the "purport" element of the offense is supplied by the attachment to the indictment of a photocopy of the check. According to the state, the "purport" element is satisfied because the maker's name on the check differs from appellant's name as alleged in the indictment. The state relies on *Jiminez v. State*, 552 S.W.2d 469 (Tex.Cr.App.1977).

As we noted in *Minix v. State*, 579 S.W.2d 466, 468 (Tex.Cr.App.1979, Opinion on State's Motion for Rehearing), *Jiminez* upheld a conviction for forgery by *making*, under V.T.C.A. Penal Code, Sec. 32.21(a)(1)(A)(i).[1] In such a case it is the defendant himself who is alleged to have completed the check "so that it purports to be the act of another ..." Section 32.21(a)(1)(A)(i), supra. For this reason, a difference in the defendant's name as alleged in the indictment and the maker's name on the check is equivalent to an allegation that the writing purports (through the maker's signature) to be the act of another. As stated in *Minix*, supra, at 468:

... the conflict between the allegation that *the accused* in fact made the instrument and the appearance from the face of the instrument set out *haec verba* that *someone else* made it was sufficient to supply the purport element under the *haec verba* rule. (emphasis supplied)

471, and also in *Landry v. State*, 583 S.W.2d 620, 627 (Tex.Cr.App.1979)–"If we would but recognize that 'intent to defraud' is the essence of every forgery offense and then interpret and construe the phrase according to its obvious intendment, the judgment of conviction in this, as well as what must be scores of other similar cases, would be quite legitimately upheld."– with the greatest reluctance I am bound to defer to the collective judgment of the en banc majority.

1. That subsection provides in pertinent part:
   (1) "Forge" means:
   (A) to alter, make, complete, execute, or authenticate any writing so that it purports:
   (i) to be the act of another who did not authorize that act;

This does not hold true for the offenses of forgery by uttering or forgery by possession, as set forth in Section 32.-21(a)(1)(B) and Section 32.21(a)(1)(C), respectively.[2] Under these subsections, a person commits an offense if he utters (or passes, issues, etc.) or possesses with intent to utter a writing *that is forged* within the meaning of Paragraph A. The defendant need not be the actual forger, i. e., the maker of the check. He need not himself sign the check or alter the maker's signature. It is sufficient that the defendant utter or possess with intent to utter a check that he knows to have been unlawfully altered, completed, etc., by someone else.

A defendant might be innocent of forgery under Paragraphs B or C if the check is made out by another person in that person's name. In such a case the check may well purport to be the act of the person who in fact signed the check, rather than the act of another. A difference in the defendant's name as alleged in the indictment and the maker's name on the check would not imply that the check purports to be the act of another. Accordingly, the state must go further and negate the possibility that a person other than the defendant made out the check in his own name. It must affirmatively be alleged that the check purports to be the act of another.

In the present case the check is made out by Anna M. McFarland. Suppose that appellant's wife is named Anna M. McFarland. For all we know from the face of the indictment appellant's wife may have made out the check in her own name. In that case appellant may not be guilty of the offense of forgery.

Because the indictment in this case fails to allege the "purport" element of the offense, it is fundamentally defective.

The state's motion for rehearing is overruled.

2. Under Paragraph B, "forge" means:
    to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A) of this subdivision;

Under Paragraph C, "forge" means:
to possess a writing that is forged within the meaning of Paragraph (A) with intent to utter it in a manner specified in Paragraph (B) of this subdivision.