Lorenzo COTTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 60994.

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 10, 1981.

Rehearing Denied Dec. 23, 1981.

C. R. Daffern, Amarillo, for appellant.

Tom Curtis, Dist. Atty. & John Byron Reese & Richard A. Keffler, Jr., Asst. Dist.

Attys., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for forgery. Punishment was assessed at confinement for five years.

At the outset we notice fundamental error which requires reversal in the interest of justice. Art. 40.09, Sec. 13, V.A.C.C.P. The pertinent parts of the indictment under which the appellant was prosecuted and convicted alleged that he

"knowingly and intentionally, with intent to defraud and harm Billy Hill, forge, by possessing with intent to pass to the said Billy Hill, a forged writing known to the defendant to be forged, as follows:
[copy of check omitted]."

This indictment, then, attempted to allege the specific offense of forgery by possession with intent to utter under V.T.C.A., Penal Code Sec. 32.21(a)(1)(C). The indictment does not allege that the writing purported to be the act of another *who did not authorize the act.* See *McFarland v. State*, 605 S.W.2d 904, 905 (Tex.Cr.App.). Such an omission rendered the indictment fundamentally defective. *McFarland v. State*, 605 S.W.2d 904, 905; *Landry v. State*, 583 S.W.2d 620, 626 (Tex.Cr.App.); *Minix v. State*, 579 S.W.2d 466, 467–68 (Tex.Cr. App.); see *Ex parte Lee*, 589 S.W.2d 710 (Tex.Cr.App.); *Kulhanek v. State*, 587 S.W.2d 424 (Tex.Cr.App.).

The judgment is reversed and the prosecution ordered dismissed.

McCORMICK, Judge, dissenting.

The majority reverses this cause for the failure of the indictment to allege that the writing, set forth *haec verba*, purported to be the act of another "who did not authorize the act." This holding points out the need not only for a re-examination of the doctrine of fundamental error in indictments generally, but also the necessity to revisit the prior holding of this Court in *Minix v. State*, 579 S.W.2d 466 (Tex.Cr.App. 1979).

Appellant here was charged with possession with intent to utter a writing which he knew to be forged. V.T.C.A. Penal Code, Section 32.21(a)(1)(C). In *Minix*, the Court held that the "simple use of the word 'forge' in the indictment is insufficient to incorporate by reference the missing element [of one who did not authorize the act]," citing *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1977). The *Minix* holding is in conflict with the Court's prior holding of *Davila v. State*, 547 S.W.2d 606 (Tex.Cr. App.1977).

Although *Davila* was a burglary case, it serves as a good example to illustrate the inconsistency of this Court in addressing the sufficiency of indictments. The indictment in *Davila* alleged that the appellant entered a building not then open to the public without the effective consent of the owner and "did then and there commit theft," and thereafter attempted to allege the constituent elements of theft. The attempt to allege theft omitted the allegation that the appellant acted "with intent to deprive the owner of property."

The *Davila* Court concluded the indictment was sufficient and, citing *Earl v. State*, 514 S.W.2d 273 (Tex.Cr.App.1974) (a robbery case) said:

"... of course it must be alleged and proven that the alleged offense was committed 'in the course of committing a theft' and 'with intent to obtain or maintain control of the property' involved in the theft. Although the proof will involve proving up a theft or attempted theft, the elements of the particular theft or attempted theft need not be alleged in the indictment."

If the constituent elements of theft are a matter of proof and not pleading in robbery and burglary, why, in a possession with intent to pass a forged instrument case [Section 32.21(a)(1)(C)] are not the elements of Section 32.21(a)(1)(A) a matter of

proof and not pleading. As Judge Clinton said in his dissenting opinion in *Minix*:

"Averring one knowingly, with intent to defraud and harm, possessed a forged writing with intent to utter it, and displaying it informs that the writing purports to be the act of another who did not authorize that act." *Minix v. State*, supra, at 469.

The indictment in the case at bar is sufficient to give appellant notice of the offense alleged.

I dissent.