**Arnoldo Alfonso GARCIA, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0005–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1981.

**304**

Terrence Gaiser, Houston, for appellant.

Molly Naylor, Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

STILLEY, Justice.

The appellant was convicted of forgery enhanced by one prior felony conviction. The jury assessed punishment at 15 years confinement and a fine of Fifteen Hundred Dollars. We affirm the judgment of the trial court.

Evidence was undisputed that appellant possessed and passed as true the writing in question. The check was stolen from a mailbag at appellant's former place of employment, Creole Production Service, Inc. Involved was a payroll check made payable to Donald E. Stone, who testified it was not his signature that appeared on the endorsement.

Richard Flowers, President of Creole, testified he did not endorse his signature on the reverse side of the check where a second endorsement appeared.

Further undisputed evidence showed that the appellant was employed at Creole for a brief but undetermined period of time beginning January 10, 1979. He was later seen about the premises with no apparent business in the building, and was seen near the mailroom the day before the check was discovered missing.

Prior to March 16, 1979, the appellant purchased four hundred dollars worth of furniture from Marvin Friede. On or about that date, Friede went to the appellant's apartment where he was presented with the check in question by the appellant.

At that time, the appellant told Friede that Donald Stone was his roommate and that Mr. Flowers, the boss, had signed the check so that the appellant would be able to cash it. Friede accepted the check and gave the appellant one hundred and fifty dollars over the balance due on the furniture.

The appellant testified he met a Donald Stone in a disco the same night Stone moved in with him. One week later Stone gave appellant his paycheck to pay Friede, and then left the following morning.

In his first and second grounds of error, the appellant challenges the sufficiency of the evidence to establish appellant's knowledge that the check was forged, and his intent to defraud.

The intent to defraud or harm may be established by circumstantial evidence. *Pfleging v. State*, 572 S.W.2d 517 (Tex.Cr. App.1978). In determining whether intent has been established, the jury is the sole judge of the credibility of witnesses and may accept or reject any part or all of the testimony, and they may look to all of the evidence in arriving at their conclusion. *Carlisle v. State*, 549 S.W.2d 698 (Tex.Cr. App.1977). Viewed in this light, it is evident that the jury chose to disbelieve appellant's testimony regarding the alleged roommate, Donald Stone. Having disre-

garded that testimony, the jury was left with evidence of a stolen check, appellant's access to the check, appellant's passing the check, and several instances of deception and falsification by appellant.

 The use of deception by an accused is evidence of intent to defraud and harm. *Golden v. State*, 475 S.W.2d 273 (Tex.Cr.App.1972). This deception may take the form of giving false information, as in *Golden*, or of engaging in behavior designed to avoid detection. *Baker v. State*, 552 S.W.2d 818 (Tex.Cr.App.1977). The giving of false information regarding the maker or the payee is a significant indicator of knowledge and intent. *Phillips v. State*, 488 S.W.2d 97 (Tex.Cr.App.1972); *Castanuela v. State*, 435 S.W.2d 146 (Tex. Cr.App.1968). In the case at bar, the jury could conclude from the evidence that appellant gave false information concerning the payee, Donald Stone, and the endorser, Richard Flowers.

Although an accused's access to a stolen check is not in itself sufficient to show knowledge, it is indicative. *Stuebgen v. State*, 547 S.W.2d 29 (Tex.Cr.App.1977); *Hilton v. State*, 443 S.W.2d 843 (Tex.Cr. App.1969). In *Hilton*, the court found three circumstances, taken together, to be sufficient to show knowledge. The check in that case was stolen from Hilton's roommate, Hilton was seen in possession of the check, and he made a false statement at the time of cashing the check. The Court found these three factors, access, possession, and deception, to constitute sufficient evidence of the defendant's knowledge. In the case at bar, access, possession, and deception were all present. Additionally, the jury was entitled to consider appellant's criminal record as evidence of his veracity. Taken as a whole, the evidence presented to the jury was clearly sufficient to support the finding of intent and knowledge. Appellant's two grounds of error are overruled.

We have reviewed appellant's pro se grounds of error as presented in his supplemental brief and find them without merit.

The judgment is affirmed.