NO. 07-11-0020-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 27, 2011

_____

CORY FARRELL MORRISON,

                                      Appellant

v.

THE STATE OF TEXAS,

                                      Appellee

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 21,525-C; HONORABLE ANA ESTEVEZ, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Cory Farrell Morrison was convicted of forgery by passing and sentenced to two years confinement. In seeking to overturn that conviction, he argues that 1) the evidence was legally and factually insufficient to sustain his conviction, and 2) the trial court abused its discretion in failing to permit a witness to testify, although she had already notified the court that she would invoke her right against self-incrimination. We affirm the judgment.

*Background*

On April 20, 2011, appellant and an unidentified woman visited Amarillo's Animal Control Department in order to locate appellant's two pit bulls. After finding them at the facility, appellant was informed by Shawn Wood that it would cost him $100 to obtain the release of the dogs. Appellant told Wood that he did not have any money, and he attempted to sell Wood a knife he had with him. Wood declined to purchase the knife, and appellant and the woman left.

They returned a short time later and asked if a friend could pay for the release of the dogs. Wood informed appellant that would be acceptable. Appellant and the woman sat down to wait on the friend, and appellant again attempted to sell his knife to other people entering the building until told by Wood to put the knife away. Appellant and the woman then left a second time.

Just before closing, appellant and the woman returned, and appellant told Wood that his friend could not come but that he had a check signed by his friend. He provided the check and his own identification card to Wood. The check was written on the account of Gary Homen at Amarillo National Bank. Wood accepted the check and released the dogs. Homen's check had been stolen out of his truck when it had been broken into several days earlier.

*Issue 1 - Sufficiency of the Evidence*

Appellant first challenges the legal and factual sufficiency of the evidence to sustain his conviction. We review the sufficiency of the evidence under a single standard as discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010) to which we refer the parties. A person committs fraud if he forges a writing with intent to

defraud or harm another. TEX. PENAL CODE ANN. §32.21(b) (Vernon 2011). To "forge" means to alter, make, complete, execute, or authenticate any writing so that it purports to be the act of another who did not authorize it or to possess a writing that is forged. *Id.* §32.21(a)(1)(A)(i) & (C). Intent cannot be inferred by the mere passing of a forged instrument. *De La Paz v. State,* 279 S.W.3d 336, 350 n.46 (Tex. Crim. App. 2009). However, it may be proved by circumstantial evidence. *Id.; Williams v. State,* 688 S.W.2d 486, 488 (Tex. Crim. App. 1985). Appellant contends the evidence is insufficient to show that he knew the check was a forgery. We overrule the issue.

The giving of false information is evidence of intent to defraud or harm. *Garcia v. State,* 630 S.W.2d 303, 305 (Tex. App.–Houston [1st Dist.] 1981, no pet.). Here, appellant indicated that he did not have the funds to pay the requisite fee. Then, he indicated that a friend was going to arrive and pay the fee. Then, he indicated that the "friend" was not going to arrive but that he would nonetheless pay the fee through a check, which check he tendered to Wood. Then, he represented to Wood that the check was signed by his "friend." The name appearing on the signature line of the instrument was Homen's. Yet, Homen testified that his check was stolen and that he did not know appellant. From this, a rational jury could infer, beyond reasonable doubt, that appellant wanted to trick Wood into believing 1) appellant's "friend" signed the check, and 2) since the name on the check was Homen's, that Homen was the purported "friend." Coupling that with Homen's own testimony about not knowing appellant would enable the same jury to also infer, beyond reasonable doubt, that appellant was attempting to deceive Wood by passing him a check with a signature appellant knew was not Homen's.

3

*Issue 2 – Admission of Testimony*

Next, appellant argues that he should have been permitted to call Laura Colson as a witness. She allegedly was the woman who accompanied him to the Animal Control Department. And, he thought he was entitled to have her testify to that, even though she had already asserted her Fifth Amendment right against self-incrimination outside the presence of the jury. Being denied that opportunity allegedly violated his rights to due process and compulsory process. We overrule the issue.

Although several exchanges took place between counsel and the trial court concerning Colson, appellant never asserted that denying him opportunity to call her as a witness would violate his rights to due process or compulsory process. Therefore, those grounds were not preserved for review. *Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (stating that the complaint on appeal cannot vary from the complaint raised at trial). Furthermore, a trial court does not abuse its discretion when it refuses to permit a defendant to call a witness who is going to invoke his Fifth Amendment right to remain silent before a jury. *Keller v. State,* 662 S.W.2d 362, 365 (Tex. Crim. App. 1984); *Mendoza v. State,* 552 S.W.2d 444, 450 (Tex. Crim. App. 1977).

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.

4