NO. 07-10-0422-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
OCTOBER 18, 2011
--------------------------------------------------------------------------------

 
 MARICIA VANCE, 
 
 Appellant
 v.
 
 THE STATE OF TEXAS, 
 
 Appellee
 _____________________________
 
 FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY;
 
 NO. 1135774D; HONORABLE LOUIS E. STURNS, PRESIDING

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------
Memorandum Opinion
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Maricia Vance was convicted after a bench trial of fraudulent use or possession of identifying information. On appeal, she challenges the sufficiency of the evidence to establish her intent to commit harm or fraud. We affim the judgment. 
 On November 9, 2008, police approached appellant in a Walmart Store in Grand Prairie after she was loud and abusive to Walmart employees. She was subsequently arrested for disorderly conduct. Following her arrest, her purse was searched by police and they discovered a driver's license, two bank cards, and a health insurance card in the name of Bella Hinton. 
The indictment charged appellant with obtaining, possessing, transfering, or using identifying information of another person without the person's consent and with the intent to harm or defraud another. See Tex. Penal Code Ann. §32.51(b)(1) (West 2011). Appellant contends the evidence only shows that she possessed the items, and that there is no evidence of any act that could be interpreted as showing her intent to defraud or harm another. We review the evidence pursuant to the standard discussed in Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010), to which we refer the parties. 
Intent may be proved by circumstantial evidence, Williams v. State, 688 S.W.2d 486, 488 (Tex. Crim. App. 1985), and a person's intent may be inferred from acts, words, or conduct. Guevara v. State, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). The giving of false information is evidence of intent to defraud or harm. Garcia v. State, 630 S.W.2d 303, 305 (Tex. App. - Houston [1[st] Dist.] 1981, no pet.). 
At the time of the discovery of the four items in a wallet in appellant's purse, appellant stated to the officers that "she couldn't help that her friends gave her their IDs in the club." However, Bella Hinton testified that her purse, which had contained the four subject cards, had been stolen in the summer of 2008, she had never seen appellant before, she would not have gone to a dance club in 2008, and she did not give anyone permission to use the cards. From this evidence, a rational factfinder could have inferred that appellant somehow obtained the stolen cards, that she knew she did not have the owner's consent to possess them, that she misrepresented why she possessed the items, and that her purpose in possessing them was to defraud or harm another. See Williams v. State, 688 S.W.2d at 490 (involving forgery and stating that the element of intent to defraud or harm was established by the defendant making an affirmative statement explaining his possession which proved false because such a false statement evinced a consciousness of guilt). 
Accordingly, the judgment is affirmed. 

 Per Curiam 

Do not publish.