# NOS. 12-16-00087-CR
# 12-16-00088-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTHONY MATHEW LUJAN,*<br>*APPELLANT* | § | *APPEALS FROM THE 244TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ECTOR COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Anthony Mathew Lujan appeals from his convictions for forgery by passing. In one issue, he challenges the legal sufficiency of the evidence to support his convictions. We affirm.

## BACKGROUND

The State charged Appellant with passing two forged checks. Appellant pleaded "not guilty" to both offenses. At trial, Kevin Myers testified that his truck, which contained his checkbook, was stolen shortly before August 15, 2014. Detective Wilma Rodriguez with the Odessa Police Department testified that when Myers's vehicle was recovered, some checks were missing. She testified that a man named Stephen Winje attempted to cash one of the checks, and claimed he received the check from his friend, Edward Palomino, and Palomino's Uncle "Steel." Myers testified that another individual was found in possession of a firearm stolen from his truck and tried to pass one of the missing checks. Detective Rodriguez testified that she could not develop any leads from this information. At some point, Myers brought her copies of checks that had either been passed or attempted to be passed, including two that named Appellant as the payee.

Gustavo Hernandez, a teller at Wells Fargo Bank at the time of the offense, testified that Appellant attempted to cash a check for $2,500 on August 14, 2014. Appellant did not have an account with the bank. Hernandez noticed that the signature on the check did not match the signature that the bank had on file. Because there was an alert on Myers's account, Hernandez asked Appellant to wait while he verified the signature on the check. Appellant was initially calm. But when Hernandez told Appellant that the system was taking a while to verify the check, Appellant reached over the counter, took the check and his identification, and left the bank without cashing the check. According to Detective Rodriguez, however, the check was cashed at Wells Fargo on August 18.

Kelton Smith testified that he owns N-N Out, a convenience and check cashing store. Holly Wimberly, a check cashier for N-N Out, testified that Appellant entered the store on August 15, 2014, to cash a $2,500 check and provided his identification, social security number, and fingerprints. She described Appellant as "pretty calm." Smith testified that he verified the check. Wimberly then cashed the check and gave Appellant the cash. When the check was returned for insufficient funds, Smith contacted Myers and learned that the check had been stolen. Pat Harris, a crime scene technician for the Odessa Police Department, testified that Appellant's fingerprints matched those provided to N-N Out when he cashed one of the checks.

Appellant testified that he is not guilty of forgery by passing. He explained that he posted a sign inquiring about work, and a man he thought to be Myers contacted him. On August 14, he and Sammy Martinez met with the man outside a convenience store. The man gave them a business card and instructed them to pick up trash at three locations and take the trash to the dump. It took several trips, totaling approximately eight hundred miles and ten to eleven hours, and around $120 in dump fees to complete the job. This was the only job that Appellant obtained as a result of posting the sign looking for work.

On August 15, he and Martinez met the man to receive their paychecks. Appellant cashed his check at N-N Out on August 15. On August 16, the man contacted Appellant to ask if he would accept a second check in his name because Martinez did not have valid identification and could not cash his check. On August 17, Appellant met the man to get the second check. He cashed the check at Wells Fargo on August 18 and gave the cash to Martinez.

Appellant testified that he did not know until trial that the man who gave him the checks was not actually Myers. He also testified that he did not know that everything was a "sham." He

did not try to contact the fake "Myers" once he discovered that the checks had been forged. Nor did he try to contact Martinez, who he heard had moved out of the area. Appellant testified that he does not know or have any connections to the other individuals who were found in possession of Myers's stolen checks.

Myers testified that he did not authorize, sign, or fill out the two checks. He further testified that he has never had any personal or business dealings with Appellant and has never written a check to Appellant. The jury found Appellant guilty of forgery by passing and assessed punishment of confinement for two years in a state jail facility.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant contends that the evidence is legally insufficient to support his conviction because the evidence failed to establish that he (1) wrote on, altered, or marked on the checks; and (2) knew the checks were forged, altered, or not authorized by Myers. Appellant argues that he did nothing more than cash the checks.

### Standard of Review and Applicable Law

When reviewing the sufficiency of the evidence, we determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id*. We give deference to the jury's responsibility to fairly resolve evidentiary conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the accused's guilt. *Id*.

A person commits an offense if he forges a writing with intent to defraud or harm another. TEX. PENAL CODE ANN. § 32.21(b) (West 2011). "Forge" means to alter, make, complete, execute, or authenticate a writing that purports to be the act of another who did not authorize the act. *Id*. § 32.21(a)(1)(A)(i). Forgery by passing occurs when, with intent to defraud or harm another, a person issues, transfers, registers the transfer of, passes, publishes, or otherwise utters a forged writing. *Id*. § 32.21(a)(1)(B). Intent may be established by circumstantial evidence. *Williams v. State*, 688 S.W.2d 486, 488 (Tex. Crim. App. 1985). The culpable mental state requires proof of knowledge that the instrument is forged. *Id*.

**Analysis**

That Appellant did not alter or otherwise mark on the checks is irrelevant. Appellant need not be the actual maker of the checks in order to be guilty of forgery by passing. *See McFarland v. State*, 605 S.W.2d 904, 907 (Tex. Crim. App. 1980). The jury heard evidence that Myers's checks were stolen, two of the stolen checks were made out to Appellant for a large amount of money, and Appellant passed the two checks within days of the checks being stolen. The record shows that there is no connection between Appellant and Myers, and Myers did not authorize or sign the checks. Evidence that the checks were signed and cashed without Myers's authority is prima facie evidence that the checks were forged. *See Anderson v. State*, 621 S.W.2d 805, 808 (Tex. Crim. App. 1981); *see also Huntley v. State*, 4 S.W.3d 813, 814 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd); *Choice v. State*, 883 S.W.2d 325, 329 (Tex. App.—Tyler 1994, no pet.).

The jury also heard evidence that when Wells Fargo attempted to verify one of the checks, Appellant took the check and left the bank without cashing it. The jury could infer from this behavior that Appellant was concerned by the delay in verification of the check because he knew the checked was forged. Appellant's use of different locations to cash the checks also gives rise to an inference that he chose to do so in an effort to avoid arousing suspicion. The jury was entitled to infer Appellant's intent or knowledge from his acts, words, and conduct, including any behavior designed to avoid detection. *See Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002); *see also Garcia v. State*, 630 S.W.2d 303, 305 (Tex. App.—Houston [1st Dist.] 1981, no pet.).

As sole judge of the weight and credibility of the evidence, the jury bore the burden of resolving any conflicts in the evidence and deciding which testimony to believe. *See Brooks*, 323 S.W.3d at 899; *see also Hooper*, 214 S.W.3d at 13. In doing so, the jury was entitled to reject Appellant's explanation as to how he came into possession of the checks. *See Brooks*, 323 S.W.3d at 899; *see also Hooper*, 214 S.W.3d at 13. As evidenced by its verdict, the jury did not believe Appellant's testimony and, rather, believed that he knew the checks were forged. Viewing the evidence in the light most favorable to the verdict, the jury was rationally justified

in finding Appellant guilty of forgery by passing beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 899. We overrule Appellant's sole issue.

<u>**DISPOSITION**</u>

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgments.

<u>**JAMES T. WORTHEN**</u>
Chief Justice

Opinion delivered August 31, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 31, 2016**

**NO. 12-16-00087-CR**

**ANTHONY MATHEW LUJAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 244th District Court
of Ector County, Texas (Tr.Ct.No. C-44,919)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 24, 2016**

**NO. 12-16-00088-CR**

**ANTHONY MATHEW LUJAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 244th District Court

of Ector County, Texas (Tr.Ct.No. C-44,920)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*