**Ex parte Arturo M. GONZALES**

**No. 56712.**

Court of Criminal Appeals of Texas.

Nov. 16, 1977.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

A post conviction application for writ of habeas corpus has been filed pursuant to the provisions of Art. 11.07, V.A.C.C.P. The petitioner was convicted for the offense of burglary of a habitation; punishment is imprisonment for 99 years.

The petitioner alleges that the indictment is fatally defective in that it fails to allege a culpable mental state. The indictment alleges that the appellant: " . . . did then and there enter a habitation without the effective consent of John Nelson, the owner, and therein attempted to commit and committed theft; . . ."

The indictment in this case is substantially the same as that quoted in *Ex parte Winton,* 549 S.W.2d 751 (Tex.Cr.App.1977), and relief must be granted as it was in *Ex parte Winton,* supra,[1] because the indictment which fails to allege a culpable mental state is fundamentally defective.

The relief prayed for is granted; the conviction is set aside and the indictment is ordered dismissed.

1. The indictment in *Ex parte Winton,* supra, alleged that Winton: " . . . did then and there enter a building without the effective consent of Gary Minshew, the owner, and therein attempted to commit and committed theft . . . "