George Walton WATTS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 61369.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 19, 1979.

Rehearing En Banc Denied Oct. 10, 1979.

Donald W. Rogers, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Kenneth B. Levi, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., ODOM and DALLY, JJ., and KEITH, C.

## OPINION

KEITH, Commissioner.

Appellant was indicted on a two-count indictment, the first charging burglary of a habitation and an attempt to commit rape under V.T.C.A., Penal Code, Sec. 30.02(a)(3). The second count charged attempted rape. Appellant entered a plea of nolo contendere and there was no recommendation from State's counsel as to his punishment. He executed a waiver of jury trial and a stipulation as to the evidence.

The trial court found him to be guilty on count one and assessed his punishment at confinement for fifteen years. Count two was dismissed.

Although he did not file a motion to quash the indictment, appellant's sole ground of error is a contention that the indictment was fundamentally defective in count one because such count "fails to allege a culpable mental state." His sole authority is *Holcomb v. State*, 573 S.W.2d 814 (Tex.Cr.App.1978).

We reproduce, in parallel columns, the pertinent parts of the indictment in *Holcomb*, supra, and this case:

| Holcomb | Watts |
|---|---|
| ". . . heretofore on or about April 28, 1976, did then and there unlawfully enter a habitation without the effective consent of Kikh Smith and therein attempted to commit rape." | ". . . heretofore on or about August 14, 1977, did then and there unlawfully without the effective consent of DEBRA HILL SMITH, hereafter styled the Complainant, enter a habitation owned by the Complainant, and attempt to commit the felony of RAPE." |

State's counsel argues that our decision in *Holcomb* that the indictment was fundamentally defective because it omitted the necessary culpable mental state allegations was incorrect and should be overruled. Counsel argues that the two cases relied upon in *Holcomb* are readily distinguishable.[1]

Counsel also argues that the presence of the word "unlawfully" preceding the word "enter" distinguishes *Gonzales* and *Winton* from *Holcomb*.[2] We disagree and decline the invitation to overrule *Holcomb*.

One of the elements necessary to establish an offense under V.T.C.A., Penal Code, Sec. 15.01(a),[3] is that the accused, "with specific intent to commit an offense," does an act, etc. The bald conclusory allegation that he entered the habitation and did "attempt to commit the felony of RAPE" is insufficient, as a matter of law, to charge a crime. *Drye v. State*, 14 Tex.App. 185, 191 (1883); *Brinster v. State*, 12 Tex.App. 612, 613 (1882); *Williams v. State*, 12 Tex.App.

---

1. We cited and footnoted the allegations in the indictments in *Ex parte Gonzales*, 557 S.W.2d 790 (Tex.Cr.App.1977), and *Ex parte Winton*, 549 S.W.2d 751 (Tex.Cr.App.1977). See 573 S.W.2d at 815 nn. 3 and 4, respectively.

2. "What was overlooked in the *Holcomb* opinion was the decisive difference in allegation of 'unlawfully enter' and mere allegation of 'enter.' "

3. "(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

395, 400 (1882). See also *Dovalina v. State,* 564 S.W.2d 378, 385 (Tex.Cr.App.1978) (concurring opinion).

We reaffirm our holding in *Holcomb,* supra, that an indictment under V.T.C.A., Penal Code, Sec. 30.02(a)(3) must include an allegation of a culpable mental state; and, since none was included in the indictment in this cause, the indictment was fundamentally defective. V.T.C.A., Penal Code, Sec. 6.02(a) and (b).

Since the indictment if fundamentally defective, the judgment is reversed and the prosecution under this indictment ordered dismissed.

Opinion approved by the panel.