NUMBER
13-10-00002-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

ARTURO CHAVIRA,                                      Appellant,

 

v.

 

THE STATE OF TEXAS,                                   
Appellee.

                                                                     


 

On appeal from the 117th
District Court

of Nueces County,
Texas.

                                                          
           

 

MEMORANDUM OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Benavides

                      Memorandum
Opinion by Justice Benavides

 

Appellant,
Arturo Chavira, pleaded guilty and was sentenced to ten years’ confinement in
the Texas Department of Criminal Justice—Institutional Division for aggravated
assault with a deadly weapon.  See Tex. Penal Code Ann. § 22.02 (a)(2) (West
2009).  By three issues, Chavira
contends that:  (1) the evidence was not sufficient to support the
conviction for aggravated assault with a deadly weapon; (2) the trial court
erred in accepting Chavira’s plea of guilty because he was not properly
admonished according to article 26.13 of the Texas Code of Criminal Procedure,
and (3) Chavira’s trial counsel was ineffective.  See Tex.
Code Crim. Proc. Ann. art. 26.13(a)(1) (West 2009).  We affirm.

I.      Background

            Chavira
was originally indicted by the State on April 9, 2009 for aggravated assault by
either using and exhibiting a deadly weapon or by causing serious bodily injury
to Walter Almendariz by using a deadly weapon, a knife.  On July 9,
2009, the State reindicted Chavira and added a second count with two paragraphs
for an alleged second victim, Carlos Fernandez.  

            On
November 13, 2009, Chavira applied for community supervision, asked the trial
court to determine punishment, and entered a plea of guilty without
admonishment.  On December 4, 2009, the trial court properly admonished Chavira
and allowed Chavira the opportunity to withdraw his guilty plea.  Again,
though, Chavira pleaded guilty after the admonishments were read to him.  The
trial court then found Chavira guilty on both counts of aggravated assault
based on his written confession and stipulation.  The written stipulation
contained only the original indictment; it did not name the alleged victim or
the alleged co-defendant.  However, Chavira stipulated that the facts contained
in the attachments to the confession were “true and correct.” 

II.    Sufficiency of
the Evidence Supporting Chavira’s Conviction

Chavira
first contends that the evidence was insufficient to support his conviction for
aggravated assault with a deadly weapon. 

A.     Applicable
Law 

            With regard to
the sufficiency of the evidence supporting a defendant’s plea of guilty, the
Texas Court of Criminal Appeals has stated the following:

            The United States Constitution does not require that
the State present evidence in support of a guilty plea in Texas courts.  Article
1.15 constitutes an additional procedural safeguard required by the
State of Texas but not by federal constitutional law.  No trial court is
authorized to render a conviction in a felony case, consistent with Article
1.15, based upon a plea of guilty without sufficient evidence to
support the same. Evidence offered in support of a guilty plea may take many
forms.  The statute expressly provides that the defendant may consent to the
proffer of evidence in testimonial or documentary form, or to an oral or
written stipulation of what the evidence against him would be, without
necessarily admitting to its veracity or accuracy; and such a proffer or
stipulation of evidence will suffice to support the guilty plea so long as it
embraces every constituent element of the charged offense. 

 

Alternatively, our case
law has recognized that the defendant may enter a sworn written statement, or
may testify under oath in open court, specifically admitting his culpability or
at least acknowledging generally that the allegations against him are in fact
true and correct; and again, so long as such a judicial confession covers all
of the elements of the charged offense, it will suffice to support the guilty
plea.  However, a stipulation of evidence or judicial confession that fails to
establish every element of the offense charged will not authorize the trial
court to convict.  A conviction rendered without sufficient evidence to support
a guilty plea constitutes trial error. 

 

Menefee v. State, 287 S.W.3d 9, 13–14 (Tex. Crim. App. 2009) (internal footnotes,
citations, and quotation marks omitted).  “An affirmation of the indictment as
true and correct will constitute a judicial confession sufficient to support a
judgment of conviction.”  Id. at 16 n.30 (quoting Potts v. State,
571 S.W.2d 180, 182 (Tex. Crim. App. 1978)). 

B.        
Discussion 

                                   In this case, Chavira was charged with violating section 22.02 of
the penal code, which provides that:  “A person
commits an offense if the person commits assault as defined in § 22.01 and the person:  (2) uses or exhibits a deadly weapon
during the commission of the assault.”  Tex.
Penal Code Ann. § 22.02 (a)(2).  Chavira pleaded guilty to both counts
of aggravated assault in his Judicial Confession and Stipulation that provided
Chavira assaulted Almendarez and Munguia with a deadly weapon on the morning of
April 20, 2008.  Chavira
further stipulated that the facts contained in attachments to the confession
were “true and correct.”  The attachments included, among other things, the
affidavit/complaint and police report, where Almendarez indentified Chavira as
the man who stabbed him and Munguia identified Chavira as the man who began the
assault that resulted in the stabbings.  

                                   We therefore conclude that the evidence is sufficient to prove
that Chavira assaulted both Almendarez and Munguia with a deadly weapon on the
morning of April 20, 2008.  Chavira’s affirmation of
the indictment as “true and correct” constitutes a judicial confession
sufficient to support the trial court’s judgment.  See Menefee, 287
S.W.3d at 16 n.30.  We overrule Chavira’s first issue.           

III.  Admonishment

            By
his second issue, Chavira contends that the
trial court erred in accepting his initial guilty plea because he was not admonished
properly in accordance article 26.13 of the Texas Code of Criminal Procedure. 

A.        
Applicable Law 

Article 26.13 governs the admonishments
to be given a defendant before a plea of guilty.  Tex. Code Crim. Proc. Ann. art. 26.13(a)(1).  Article 26.13(a) provides that prior to
accepting a plea of guilty or a plea of nolo contendere, the court shall
admonish the defendant of the range of the punishment attached to the offense.  Id.  In
admonishing the defendant, substantial compliance by the court is sufficient,
unless the defendant affirmatively shows that he was not aware of the
consequences of his plea and that he was misled or harmed by the admonishment
of the court.  Id.
at art.
26.13(c). 
If the trial court substantially complies with article 26.13, the defendant has the
burden to show he or she pleaded guilty without understanding the
consequences of that plea and, consequently, suffered harm.  Martinez v. State, 981 S.W.2d 195, 197 (Tex.
Crim. App. 1998).

B.        
Discussion 

Although the trial court failed to admonish Chavira the first
time he pleaded guilty, it properly admonished Chavira at the second hearing
and gave him the opportunity to withdraw his plea.  There is nothing in the
record that shows Chavira was unaware of the consequences of his plea or that
he was misled or harmed.  The following colloquy, recorded prior to Chavira’s second guilty
plea, reveals that he was fully aware of the consequences of his action:

COURT:
       Excuse me.  Have you had enough time with your attorney to talk about
how you might defend yourself or your options?

            

CHAVIRA:    Yes, Judge. 

 

COURT:
       And in your discussions, have you been made to understand that each one
of these counts is a second degree felony, and if I find that you have
committed this offense I could asses punishment somewhere between 2 and 20
years in the penitentiary; do you understand that?  

 

CHAVIRA:    Yes, ma’am.  

 

. . .

COURT:
       Did you have enough time with your attorney to talk about the
information that’s in these documents—that’s in this document?

            

CHAVIRA:    Yes Judge. 

 

COURT:
       And did you—can you tell me right now that you understand the
information that I have given to you?

            

CHAVIRA:    I understand the information.   

 

                                     . . . 

            COURT:
       Did anyone put any pressure on you to give up your rights?

            

CHAVIRA:    No, Judge. 

 

COURT:
       Then I am going to approve the statements you made to me when you signed
and you initialed on this statement. 

            

COURT:         And how do you plead to count 1, paragraph 2?

            

CHAVIRA:    Guilty.

 

                                     . . . 

COURT:
       And are you pleading guilty because on the date in question, April 20th,
2009, [sic] that you caused serious bodily injury to one Walter Almendarez, by
stabbing him with a knife; is that true?

            

CHAVIRA:    Yes, Judge. 

 

COURT:        And how do you plead to count 2, paragraph 2?             

 

CHAVIRA:    Guilty. 

 

COURT:
       And are you pleading guilty because on April 20, 2008, that you caused
serious bodily injury to one Carlos Fernandez, by stabbing him with a knife? 

            

CHAVIRA:    Yes, Judge. 

 

The Texas Court of Appeals has held that, in a case with similar
facts, the court substantially complied with the required admonishments of
article 26.13: 




Although
the court gave appellant the admonishment after accepting his plea, the record
further reflects that appellant was given the option of withdrawing the plea
following the belated admonishment on the range of punishment. Appellant
persisted in entering a plea of guilty. Under such circumstances, we find the
court substantially complied with giving the required admonishment.

 

Hardman v. State, 614 S.W.2d 123, 126 (Tex.
Crim. App. 1981)
(citing Whitten v. State, 587 S.W.2d 159 (Tex. Crim. App. 1979)),
overruled on
other grounds by Cain v. State, 947 S.W.2d 262 (Tex. Crim. App 1997).  Accordingly,
because the record shows that Chavira was aware of the consequences of his plea
and chose to re-plead guilty after being properly admonished, we find no error. 
See id.                                                                                                                   

                                   Chavira
additionally contends that the trial court's failure to admonish a
guilty-pleading
defendant on the range of punishment is a constitutional error subject to harm
analysis.  Under Rule 44.2(b) of the Texas Rules of Appellate Procedure, however, this would be harmless error.  See Tex. R. App. P. 44.2(b).  The United States Supreme Court, in McCarthy v. United States,
expressly stated that the admonishments in the
federal equivalent of article 26.13(a), which included
admonishments on the range of punishment, have “not been held to be
constitutionally mandated” and that these admonishments are
“designed to assist the district judge in making the constitutionally required
determination that the guilty plea was truly voluntary.”   394 U.S. 459, 465 (1969).  No
subsequent Supreme Court decision has held that these admonishments
are “constitutionally mandated.”  We are therefore not persuaded by
Chavira’s additional contention.  We overrule Chavira’s second issue. 




IV. 
Ineffective Assistance of Counsel 

            Chavira,
in his third issue, contends that his trial counsel was ineffective by:  (1)
allowing him to be convicted on insufficient evidence; and (2) failing to
investigate, file any pretrial motions, have a firm command of the facts,
and/or impeach false statements by the victims at the sentencing hearing. 

A.       Applicable
Law

           Under Strickland, a claim of ineffective assistance
will show how specific acts or omissions of counsel failed to meet two distinct
criteria of effectiveness.  Strickland v. Washington, 466 U.S. 668, 684 (1984).  Chavira must show:  (1)
his attorney’s representation fell below an objective standard of
reasonableness; and (2) there is a reasonable probability that, but for his
attorney’s errors, the result of the proceeding would have been different.  Id. at 684; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.
Crim. App. 1999) (holding that appellant must show a reasonable probability
that, but for the counsel’s errors, the fact-finder would have found a
reasonable doubt as to appellant’s guilt); Jaynes v. State, 216 S.W.3d
839, 851 (Tex. App.—Corpus Christi 2006, no pet.).  Chavira has the burden of
proving ineffective assistance of counsel by a preponderance of the evidence.  See
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing Cannon
v. State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)). 

            The
right to “reasonably effective assistance of counsel” does not guarantee
errorless counsel or counsel whose competency is judged by perfect hindsight.  Saylor
v. State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983).  The claims of
ineffective assistance must be supported by the record.  Thompson, 9
S.W.3d at 814; Jaynes, 216 S.W.3d at 851.  A silent record which provides
no explanation for counsel’s actions usually will not overcome the strong
presumption of reasonable assistance.  Thompson, 9 S.W.3d at 813–14.  To
warrant reversal without affording counsel an opportunity to explain her
actions, “the challenged conduct must be so outrageous that no competent
attorney would have engaged in it.”  Roberts v. State, 220 S.W.3d 521,
533 (Tex. Crim. App. 2007) (citing Goodspeed v. State, 187 S.W.3d 390,
392 (Tex. Crim. App. 2005)).

B.        
Discussion

Chavira
failed to develop a sufficient record to show that his counsel was ineffective
by allowing him to be convicted on insufficient evidence.  Chavira contends
that the original stipulation contained only the first indictment and did not
contain the alleged second victim and the alleged co-defendant.  As stated in
issue one, Chavira admitted to the allegations
against him under oath in open court.  This was sufficient evidence to convict
Chavira.  “An affirmation of the indictment as true and correct will constitute
a judicial confession sufficient to support a judgment of conviction.”  Menefee,
287 S.W.3d at 16 n.30 (quoting Potts v. State, 571 S.W.2d 180, 182 (Tex.
Crim. App. 1978)).  There is thus no evidence that the result of the proceeding would
have been different.  Strickland
466 U.S. at 684; Dewberry, 4 S.W.3d at 757 (holding that
appellant must show a reasonable probability that, but for counsel’s errors,
the fact-finder would have found a reasonable doubt as to appellant’s guilt); Jaynes,
216 S.W.3d at 851.

Chavira has also failed to
develop a sufficient record to show that his counsel was ineffective by not
investigating, filing any pretrial motions, having a firm command of the facts,
and/or failing to impeach false statements by the victims at trial.  Again, the
claims of ineffective assistance must be supported by the record.  Thompson,
9 S.W.3d at 814; Jaynes, 216 S.W.3d at 851.  Chavira points to no
support in the record indicating his counsel acted without reasonable
professional judgment.  The right to “reasonably effective assistance of
counsel” does not guarantee errorless counsel or counsel whose competency is
judged by perfect hindsight.  Saylor, 660 S.W.2d at 824. 

Chavira also complains that his counsel
failed to object to evidence of gang affiliation; however, the trial court made
it clear on the record that it did not consider this information in determining
Chavira’s punishment.  There is nothing in the record that shows that the trial
court considered the evidence.  In fact, the trial court in this case specifically
stated that he would not consider evidence not
properly before him. We therefore assume the trial court disregarded
inadmissible evidence unless the record clearly shows the contrary.  Herford
v. State, 139 S.W.3d 733, 735 (Tex. App.—Fort Worth 2004, no pet.).  Accordingly,
any such error by counsel did not produce a different result.

Finally, Chavira failed to develop a sufficient record to show
that his counsel was ineffective by not
investigating or cross-examining his witnesses.  During the trial, the main
issue being considered was the length of Chavira’s punishment, given that he
had already pleaded guilty.  Chavira failed to show that this matter would have
any impact on his sentencing.  Chavira contends that his trial counsel had a
duty to interview potential witness and obtain evidence, and his failure to do
so rendered his assistance ineffective. See Butler v. State, 716
S.W.2d 48, 54 (Tex. Crim. App. 1986).  Although Butler does support this
argument, it also later notes that such failure is only incompetent “where the result is that
any viable defense available to the accused is not advanced.”  Id.  Again, there is nothing in
the record that reflects this would change the determination of the
punishment.  Chavira’s third issue is overruled. 

V.  Conclusion

            Having
overruled all of Chavira’s issues on appeal, we affirm the judgment of the
trial court.  

 

 

________________________

GINA
M. BENAVIDES,

Justice

 

Do not publish.

Tex. R. App.
P. 47.2 (b).

 

Delivered and filed the

14th day of July, 2011.