

# NUMBER 13-10-00002-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ARTURO CHAVIRA,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                     **Appellee.**

---

### On appeal from the 117th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Benavides

Appellant, Arturo Chavira, pleaded guilty and was sentenced to ten years' confinement in the Texas Department of Criminal Justice—Institutional Division for aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02 (a)(2) (West 2009). By three issues, Chavira contends that: (1) the evidence was not

sufficient to support the conviction for aggravated assault with a deadly weapon; (2) the trial court erred in accepting Chavira's plea of guilty because he was not properly admonished according to article 26.13 of the Texas Code of Criminal Procedure, and (3) Chavira's trial counsel was ineffective. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West 2009). We affirm.

## I. BACKGROUND

Chavira was originally indicted by the State on April 9, 2009 for aggravated assault by either using and exhibiting a deadly weapon or by causing serious bodily injury to Walter Almendariz by using a deadly weapon, a knife. On July 9, 2009, the State reindicted Chavira and added a second count with two paragraphs for an alleged second victim, Carlos Fernandez.

On November 13, 2009, Chavira applied for community supervision, asked the trial court to determine punishment, and entered a plea of guilty without admonishment. On December 4, 2009, the trial court properly admonished Chavira and allowed Chavira the opportunity to withdraw his guilty plea. Again, though, Chavira pleaded guilty after the admonishments were read to him. The trial court then found Chavira guilty on both counts of aggravated assault based on his written confession and stipulation. The written stipulation contained only the original indictment; it did not name the alleged victim or the alleged co-defendant. However, Chavira stipulated that the facts contained in the attachments to the confession were "true and correct."

## II. SUFFICIENCY OF THE EVIDENCE SUPPORTING CHAVIRA'S CONVICTION

Chavira first contends that the evidence was insufficient to support his conviction for aggravated assault with a deadly weapon.

2

## A. Applicable Law

With regard to the sufficiency of the evidence supporting a defendant's plea of guilty, the Texas Court of Criminal Appeals has stated the following:

> The United States Constitution does not require that the State present evidence in support of a guilty plea in Texas courts. Article 1.15 constitutes an additional procedural safeguard required by the State of Texas but not by federal constitutional law. No trial court is authorized to render a conviction in a felony case, consistent with Article 1.15, based upon a plea of guilty without sufficient evidence to support the same. Evidence offered in support of a guilty plea may take many forms. The statute expressly provides that the defendant may consent to the proffer of evidence in testimonial or documentary form, or to an oral or written stipulation of what the evidence against him would be, without necessarily admitting to its veracity or accuracy; and such a proffer or stipulation of evidence will suffice to support the guilty plea so long as it embraces every constituent element of the charged offense.
>
> Alternatively, our case law has recognized that the defendant may enter a sworn written statement, or may testify under oath in open court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct; and again, so long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea. However, a stipulation of evidence or judicial confession that fails to establish every element of the offense charged will not authorize the trial court to convict. A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error.

*Menefee v. State*, 287 S.W.3d 9, 13–14 (Tex. Crim. App. 2009) (internal footnotes, citations, and quotation marks omitted). "An affirmation of the indictment as true and correct will constitute a judicial confession sufficient to support a judgment of conviction." *Id*. at 16 n.30 (quoting *Potts v. State*, 571 S.W.2d 180, 182 (Tex. Crim. App. 1978)).

## B. Discussion

In this case, Chavira was charged with violating section 22.02 of the penal code, which provides that: "A person commits an offense if the person commits assault as

3

defined in § 22.01 and the person: (2) uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02 (a)(2). Chavira pleaded guilty to both counts of aggravated assault in his Judicial Confession and Stipulation that provided Chavira assaulted Almendarez and Munguia with a deadly weapon on the morning of April 20, 2008. Chavira further stipulated that the facts contained in attachments to the confession were "true and correct." The attachments included, among other things, the affidavit/complaint and police report, where Almendarez indentified Chavira as the man who stabbed him and Munguia identified Chavira as the man who began the assault that resulted in the stabbings.

We therefore conclude that the evidence is sufficient to prove that Chavira assaulted both Almendarez and Munguia with a deadly weapon on the morning of April 20, 2008. Chavira's affirmation of the indictment as "true and correct" constitutes a judicial confession sufficient to support the trial court's judgment. *See Menefee*, 287 S.W.3d at 16 n.30. We overrule Chavira's first issue.

### III. ADMONISHMENT

By his second issue, Chavira contends that the trial court erred in accepting his initial guilty plea because he was not admonished properly in accordance article 26.13 of the Texas Code of Criminal Procedure.

#### A.    Applicable Law

Article 26.13 governs the admonishments to be given a defendant before a plea of guilty. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1). Article 26.13(a) provides that prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the

4

defendant of the range of the punishment attached to the offense. *Id.* In admonishing the defendant, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. *Id.* at art. 26.13(c). If the trial court substantially complies with article 26.13, the defendant has the burden to show he or she pleaded guilty without understanding the consequences of that plea and, consequently, suffered harm. *Martinez v. State,* 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).

**B.    Discussion**

Although the trial court failed to admonish Chavira the first time he pleaded guilty, it properly admonished Chavira at the second hearing and gave him the opportunity to withdraw his plea. There is nothing in the record that shows Chavira was unaware of the consequences of his plea or that he was misled or harmed. The following colloquy, recorded prior to Chavira's second guilty plea, reveals that he was fully aware of the consequences of his action:

COURT:    Excuse me. Have you had enough time with your attorney to talk about how you might defend yourself or your options?

CHAVIRA:  Yes, Judge.

COURT:    And in your discussions, have you been made to understand that each one of these counts is a second degree felony, and if I find that you have committed this offense I could asses punishment somewhere between 2 and 20 years in the penitentiary; do you understand that?

CHAVIRA:  Yes, ma'am.

          . . .

COURT:    Did you have enough time with your attorney to talk about the

5

> information that's in these documents—that's in this document?
>
> CHAVIRA: Yes Judge.
>
> COURT: And did you—can you tell me right now that you understand the information that I have given to you?
>
> CHAVIRA: I understand the information.
>
> . . .
>
> COURT: Did anyone put any pressure on you to give up your rights?
>
> CHAVIRA: No, Judge.
>
> COURT: Then I am going to approve the statements you made to me when you signed and you initialed on this statement.
>
> COURT: And how do you plead to count 1, paragraph 2?
>
> CHAVIRA: Guilty.
>
> . . .
>
> COURT: And are you pleading guilty because on the date in question, April 20th, 2009, [sic] that you caused serious bodily injury to one Walter Almendarez, by stabbing him with a knife; is that true?
>
> CHAVIRA: Yes, Judge.
>
> COURT: And how do you plead to count 2, paragraph 2?
>
> CHAVIRA: Guilty.
>
> COURT: And are you pleading guilty because on April 20, 2008, that you caused serious bodily injury to one Carlos Fernandez, by stabbing him with a knife?
>
> CHAVIRA: Yes, Judge.

The Texas Court of Appeals has held that, in a case with similar facts, the court substantially complied with the required admonishments of article 26.13:

6

> Although the court gave appellant the admonishment after accepting his plea, the record further reflects that appellant was given the option of withdrawing the plea following the belated admonishment on the range of punishment. Appellant persisted in entering a plea of guilty. Under such circumstances, we find the court substantially complied with giving the required admonishment.

*Hardman v. State,* 614 S.W.2d 123, 126 (Tex. Crim. App. 1981) (citing *Whitten v. State*, 587 S.W.2d 159 (Tex. Crim. App. 1979)), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App 1997). Accordingly, because the record shows that Chavira was aware of the consequences of his plea and chose to re-plead guilty after being properly admonished, we find no error. *See id.*

Chavira additionally contends that the trial court's failure to admonish a guilty-pleading defendant on the range of punishment is a constitutional error subject to harm analysis. Under Rule 44.2(b) of the Texas Rules of Appellate Procedure, however, this would be harmless error. *See* Tex. R. App. P. 44.2(b). The United States Supreme Court, in *McCarthy v. United States,* expressly stated that the admonishments in the federal equivalent of article 26.13(a), which included admonishments on the range of punishment, have "not been held to be constitutionally mandated" and that these admonishments are "designed to assist the district judge in making the constitutionally required determination that the guilty plea was truly voluntary." 394 U.S. 459, 465 (1969). No subsequent Supreme Court decision has held that these admonishments are "constitutionally mandated." We are therefore not persuaded by Chavira's additional contention. We overrule Chavira's second issue.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Chavira, in his third issue, contends that his trial counsel was ineffective by: (1) allowing him to be convicted on insufficient evidence; and (2) failing to investigate, file any pretrial motions, have a firm command of the facts, and/or impeach false statements by the victims at the sentencing hearing.

### A. Applicable Law

Under *Strickland,* a claim of ineffective assistance will show how specific acts or omissions of counsel failed to meet two distinct criteria of effectiveness. *Strickland v. Washington*, 466 U.S. 668, 684 (1984). Chavira must show: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Id.* at 684; *Dewberry v. State*, 4 S.W.3d 735, 757 (Tex. Crim. App. 1999) (holding that appellant must show a reasonable probability that, but for the counsel's errors, the fact-finder would have found a reasonable doubt as to appellant's guilt); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). Chavira has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)).

The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). The claims of ineffective assistance must be supported by the record. *Thompson*, 9 S.W.3d at 814; *Jaynes*, 216 S.W.3d at 851. A silent record which provides no explanation for counsel's actions

usually will not overcome the strong presumption of reasonable assistance. *Thompson*, 9 S.W.3d at 813–14. To warrant reversal without affording counsel an opportunity to explain her actions, "the challenged conduct must be so outrageous that no competent attorney would have engaged in it." *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (citing *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

## B. Discussion

Chavira failed to develop a sufficient record to show that his counsel was ineffective by allowing him to be convicted on insufficient evidence. Chavira contends that the original stipulation contained only the first indictment and did not contain the alleged second victim and the alleged co-defendant. As stated in issue one, Chavira admitted to the allegations against him under oath in open court. This was sufficient evidence to convict Chavira. "An affirmation of the indictment as true and correct will constitute a judicial confession sufficient to support a judgment of conviction." *Menefee*, 287 S.W.3d at 16 n.30 (quoting *Potts v. State*, 571 S.W.2d 180, 182 (Tex. Crim. App. 1978)). There is thus no evidence that the result of the proceeding would have been different. *Strickland* 466 U.S. at 684; *Dewberry*, 4 S.W.3d at 757 (holding that appellant must show a reasonable probability that, but for counsel's errors, the fact-finder would have found a reasonable doubt as to appellant's guilt); *Jaynes*, 216 S.W.3d at 851.

Chavira has also failed to develop a sufficient record to show that his counsel was ineffective by not investigating, filing any pretrial motions, having a firm command of the facts, and/or failing to impeach false statements by the victims at trial. Again, the claims of ineffective assistance must be supported by the record. *Thompson*, 9

9

S.W.3d at 814; *Jaynes*, 216 S.W.3d at 851. Chavira points to no support in the record indicating his counsel acted without reasonable professional judgment. The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor*, 660 S.W.2d at 824.

Chavira also complains that his counsel failed to object to evidence of gang affiliation; however, the trial court made it clear on the record that it did not consider this information in determining Chavira's punishment. There is nothing in the record that shows that the trial court considered the evidence. In fact, the trial court in this case specifically stated that he would not consider evidence not properly before him. We therefore assume the trial court disregarded inadmissible evidence unless the record clearly shows the contrary. *Herford v. State*, 139 S.W.3d 733, 735 (Tex. App.—Fort Worth 2004, no pet.). Accordingly, any such error by counsel did not produce a different result.

Finally, Chavira failed to develop a sufficient record to show that his counsel was ineffective by not investigating or cross-examining his witnesses. During the trial, the main issue being considered was the length of Chavira's punishment, given that he had already pleaded guilty. Chavira failed to show that this matter would have any impact on his sentencing. Chavira contends that his trial counsel had a duty to interview potential witness and obtain evidence, and his failure to do so rendered his assistance ineffective. *See Butler v. State*, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986). Although *Butler* does support this argument, it also later notes that such failure is only incompetent "where the result is that any viable defense available to the accused is not advanced." *Id.* Again, there is nothing in the record that reflects this would change the

10

determination of the punishment.    Chavira's third issue is overruled.

## V. CONCLUSION

Having overruled all of Chavira's issues on appeal, we affirm the judgment of the trial court.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
14th day of July, 2011.