Byron Keith HERFORD, Appellant,

v.

The STATE of Texas, State.

No. 2–03–044–CR.

Court of Appeals of Texas, Fort Worth.

June 17, 2004.

---

Kenneth Gordon, Fort Worth, for Appellant.

Charles M. Mallin, Crim. Dist. Atty., Kimberly Wesley, Asst. Crim. Dist. Atty., Fort Worth, for Appellee.

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

Upon his plea of guilty, a jury convicted Appellant Byron Keith Herford of injury to a child. The trial court assessed his punishment at fourteen years' confinement upon Appellant's plea of true to the single enhancement paragraph.

On appeal, Appellant has filed a brief that only partially complies with the requisites of *Anders v. California*.[1] He raises what he designates as possible points on appeal, but in the arguments for each point, he concludes that the trial court reversibly erred and requests that we remand the case for a new trial on punishment. Similarly, in his prayer, instead of requesting that counsel's motion to withdraw be granted, Appellant asks this court to sustain his possible points, reverse his sentence, and remand for a new trial on punishment. This court therefore must treat this brief not as an admission that the challenges to his sentence are frivolous,[2] but as an adversarial appellant's brief raising legitimate challenges to the trial court's judgment.

Appellant brings three points on appeal, challenging the admission of photographs and his oral statement. Because we hold

---

1. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. *See id.* at 744, 87 S.Ct. at 1400.

that the trial court did not reversibly err, we affirm the trial court's judgment.

## ADMISSION OF PHOTOGRAPHS DEPICTING OLD INJURIES UNCONNECTED TO APPELLANT

In his first point, Appellant argues that the trial court abused its discretion by admitted numerous photographs depicting injuries to the child even though there was no testimony connecting those injuries to Appellant. The trial court assured the parties that it would not consider the testimony concerning any injuries not proved to be caused by Appellant. In appeals from bench trials, appellate courts formerly presumed that the trial court ignored inadmissible evidence, and judgments were not reversed on the ground of improperly admitted evidence if sufficient admissible evidence existed to sustain the judgment.[3] The Court of Criminal Appeals overruled the *Tolbert*[4] line of cases in *Gipson,* holding that former rule of appellate procedure 81(b)(2), with its presumption that errors were reversible, implicitly voided the *Tolbert* presumption test.[5] Since rule of appellate procedure 44.2 became effective, the presumption of former rule 81(b)(2) applies only to constitutional errors considered under rule 44.2(a).[6]

While we no longer automatically presume the trial court did not consider inadmissible evidence, in the case now before this court, the trial judge specifically stated that he would not consider evidence not properly before him. We therefore assume the trial court disregarded inadmissible evidence unless the record clearly shows the contrary.[7]

Appellant had entered a plea of guilty to the jury, and the only matter left for the judge to decide was that of the appropriate punishment. The photographs showed both the new injuries to which Appellant had pled guilty and old injuries. Appellant does not direct us to any portion of the record that explains which photographs he objects to on the basis of their being evidence of extraneous acts of misconduct that were not properly tied to him. Because the trial judge specifically stated on the record that he would consider only those extraneous acts of misconduct tied to Appellant beyond a reasonable doubt, we have no evidence before us that the trial judge improperly considered any photographs. We therefore cannot say that the trial court abused its discretion in admitting the photographs.[8] We overrule Appellant's first point on appeal.

## STATEMENT TO CPS INVESTIGATOR

In his second point, Appellant argues that the trial court erred in admitting his unrecorded, oral statement to the CPS investigator because it was taken in violation of the Fifth Amendment to the United States Constitution, Article 1, Section 10 of

3. *See Ovalle v. State,* 13 S.W.3d 774, 791 n. 34 (Tex.Crim.App.2000) (referring to *Tolbert v. State,* 743 S.W.2d 631, 633 (Tex.Crim.App. 1988)).

4. *Tolbert,* 743 S.W.2d at 633.

5. *Gipson v. State,* 844 S.W.2d 738, 741 (Tex. Crim.App.1992).

6. *See Ovalle,* 13 S.W.3d at 791 n. 34.

7. *See id.* at 784 (presuming that trial court ignored improper impeachment of witness in admitting appellant's confession because trial

court sustained appellant's objection to the impeachment); *see also In re R.M.,* 880 S.W.2d 297, 299 (Tex.App.-Fort Worth, 1994, no writ).

8. *See Corley v. State,* 987 S.W.2d 615, 621(Tex.App.-Austin 1999, no pet.) (providing that in a bench trial, there is less risk that the trier of fact will consider extraneous offense evidence for anything other than the limited purpose for which it is admitted as well as less risk of unfair prejudice to defendant).

the Texas Constitution, and Article 38.22 of the Texas Code of Criminal Procedure. In his third point, Appellant complains that the State did not provide a copy of the statement to defense counsel within twenty days of trial, as mandated by Article 38.22.

The record reflects that when Appellant lodged his objections to the admission of his statement, the trial court ruled, "I will disregard anything that may have been said in custody that's inadmissible under 38.22 or 23." Texas Code of Criminal Procedure Article 38.22 requires a recording of custodial statement or that it be in writing.[9] That article also requires that the recording be made available to defense counsel not later than the twentieth day before trial.[10] Article 38.23 requires that statements obtained in violation of the U.S. Constitution, the Texas Constitution, federal law, or Texas law be excluded from evidence.[11]

Because the trial court specifically stated on the record that it would disregard any custodial statement inadmissible under Articles 38.22 and 38.23, we presume that the trial court did not consider any statement admitted in violation of either provision.[12] We therefore cannot say that the trial court abused its discretion in admitting Appellant's statement, and we overrule Appellant's second and third points.

## CONCLUSION

Having overruled Appellant's three points, we deny Appellant's counsel's motion to withdraw and affirm the trial court's judgment.

---

**9.** TEX.CODE CRIM. PROC. ANN. art. 38.22, §§ 2–3 (Vernon Supp.2004).

**10.** *Id.* § 3(a)(5).

**11.** *Id.* art. 38.23(a).

**12.** *See Ovalle,* 13 S.W.3d at 784; *Corley,* 987 S.W.2d at 621.