

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00285-CR

DONNY WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2011-430,939, Honorable John J. "Trey" McClendon, Presiding

September 5, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Upon his plea of guilty, Donny Williams was convicted of felony driving while intoxicated and sentenced to eight years in prison. He contends that the trial court erred in considering unadjudicated (and unproven) criminal offenses appearing in his pre-sentence investigation report (PSI) when assessing his punishment. We affirm the judgment.

At the punishment hearing, appellant objected to the criminal history in the PSI as far as "certain things listed that result in dismissals or unknown dispositions." In

response, the trial court stated, "I understand the purpose of a PSI. I'm taking judicial notice of it. I'll give proper weight to what is relevant and what is not." During the hearing, the State introduced appellant's convictions for violation of a protective order, driving while intoxicated, assault, assault on a public servant, burglary of a habitation, evading arrest, and driving while intoxicated. Appellant himself testified that he had been on probation at least once but had it revoked for committing a new offense.

At the time the trial court sentenced appellant, it stated: ". . . I cannot be persuaded to look past your past history, which includes reckless conduct, violations of protective orders, assault on a public servant, assault causing bodily injury, harassment, burglary of a habitation, evading arrest or intention [sic] using a vehicle, which also involves a vehicle as do the DWI cases." Appellant contends this statement shows that the trial court considered unadjudicated offenses included in the PSI report. We overrule the issue for several reasons.

First, the record fails to reflect that the PSI was admitted into evidence. Nor does the physical item appear in the appellate record before us. The burden lies with the appellant to provide us with an appellate record sufficient to resolve the issue he presents. *See Guajardo v. State,* 109 S.W.3d 456, 462 n.17 (Tex. Crim. App. 2003). Without the document about which he complains being admitted into evidence or otherwise being included in the appellate record, we lack the ability to assess whether it contained the objectionable matter to which he alludes. Thus, appellant has not presented us with an appellate record sufficiently adequate to resolve the dispute, and his attaching the missing document to his brief does not fill the void. *Rasberry v. State,* 535 S.W.2d 871, 873 (Tex. Crim. App. 1976) (noting that documents attached to a brief

but omitted from the appellate record cannot be considered); *accord Witkovsky v. State*, 320 S.W.3d 425, 428 (Tex. App.–Fort Worth 2010, pet. ref'd, untimely filed) (striking documents from an appendix to a brief because they were not also included in the appellate record).

Second, and assuming *arguendo* that the PSI attached to the brief was part of the record, we would again lack basis to find error. A trial court may consider the PSI in assessing punishment. TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3d (West Supp. 2012). And to the extent that a PSI alludes to extraneous offenses or bad acts, it is error to consider those offenses or acts if no evidence from any source exists from which it may be rationally inferred that the defendant committed them. *Smith v. State,* 227 S.W.3d 753, 764 (Tex. Crim. App. 2007).

Here, appellant objected to the PSI because it referred to offenses that had been dismissed or the disposition of which was unknown. Though the objection was apparently overruled because the trial judge took judicial notice of the document despite the objection, it did so only after stating that it would "give proper weight to what is relevant and what is not." Furthermore, in alluding to appellant's "history" while pronouncing sentence, the various offenses mentioned by the trial judge were not only those for which appellant was actually convicted but also those itemized in appellant's brief as being evidenced by a judgment. In other words, appellant's commission of those offenses was established by some evidence. Given these circumstances, we conclude that the trial court considered only the offenses in the PSI shown to have been committed by appellant and ignored the others. And, nothing in the record indicates that it did otherwise. *See Herford v. State,* 139 S.W.3d 733, 735 (Tex. App.–Fort Worth

2004, no pet.) (stating that while an appellate court no longer automatically presumes the trial court did not consider inadmissible evidence, it can assume that the trial court disregarded irrelevant or inadmissible evidence when it indicated it would and the record fails to show it that the court did otherwise); *Chavira v. State,* No. 13-10-00002-CR, 2011 Tex. App. LEXIS 5390, at *13 (Tex. App.–Corpus Christi July 14, 2011, no pet.) (not designated for publication) (holding the same).

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.

4