

NUMBER 13-13-00704-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN THE MATTER OF J.G.M., A CHILD

**On appeal from the 138th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

J.G.M., a juvenile, appeals from an order committing her to the Texas Department of Juvenile Justice (TDJJ) following an adjudication of delinquent conduct. By a single issue, appellant contends that the trial court violated her Fifth Amendment rights by: (1) considering a disposition report prepared by appellant's probation officer although

appellant was not advised of her *Miranda* rights[1]; and (2) eliciting incriminating statements from appellant when she testified at the disposition hearing. We affirm.

## I. BACKGROUND

Appellant pleaded "true" to the State's allegations that she engaged in delinquent conduct by committing the felony offense of assault on a public servant. *See* TEX. PENAL CODE ANN. § 22.01(a), (b)(1) (West, Westlaw through 2013 3d C.S.). The trial court held a contested disposition hearing. At the beginning of the hearing, appellant's counsel objected to the admission of an amended disposition report prepared by Sandy Perez, a probation officer with the Cameron County Juvenile Probation Department. Perez prepared the report based on information obtained in an interview with appellant, but did not advise appellant of her *Miranda* rights prior to the interview. Appellant's counsel argued that the report included incriminating statements made by appellant during the interview and therefore violated appellant's Fifth Amendment privilege against self-incrimination. *See* U.S. CONST. amend. V. The trial court noted that there were two sentences in the report in which appellant admitted prior drug use. The trial court struck the two sentences from the report, stated that it would disregard the statements, and admitted the remainder of the report.

Perez testified that she did not read appellant her *Miranda* rights before interviewing her. The State concedes that the statements made by appellant during the interview were taken in violation of article 38.22 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2(a) (West, Westlaw through 2013 3d C.S.) (providing statutory warnings virtually identical to *Miranda* warnings, except that article

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

38.22 includes a warning that the accused has the right to terminate the interview at any time, which is not required by *Miranda*). The State argues, however, that appellant's Fifth Amendment rights were not violated because the trial court properly excluded the statements and disregarded them.

## II. STANDARD OF REVIEW

We review a trial court's decisions on evidence admissibility under an abuse-of-discretion standard, reversing only when the trial court's decision falls outside the zone of reasonable disagreement. *See Rodriguez v. State*, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006).

## III. DISCUSSION

Appellant relies on *In the Matter of J.S.S.*, in which the El Paso Court of Appeals held that, under the specific facts of that case, the Fifth Amendment applied to a probation officer's pre-disposition interview with a juvenile, and the juvenile should have been warned of his rights and informed that his statements could be used against him during the disposition hearing. 20 S.W.3d 837, 846–47 (Tex. App.—El Paso 2000, pet. denied). The El Paso Court found that the probation officer's interview of the juvenile "exceeded any arguably neutral purposes" by questioning the juvenile about two extraneous offenses. *See id.* at 846. The El Paso Court noted that the trial court explicitly stated that, in making his disposition decision, the trial judge "took into account that J.S.S. had committed the same offense on two prior occasions." *Id.* at 840. Moreover, the *J.S.S.* Court emphasized that its holding was limited to the facts in the case before it. *Id.* at 846 n.7. The El Paso Court added the following footnote:

> Our opinion should not be read as holding that the Fifth Amendment applies
> to all pre-disposition interviews because of the facts in a given case may

3

show that the interview served more neutral purposes, and therefore, did not implicate the juvenile's Fifth Amendment rights. Rather than focusing on the type of proceeding involved, we believe the better approach is to examine the nature of the statement or admission and the exposure which it invites.

*Id.* In a more recent case, *In re C.R.R.E.*, the El Paso Court of Appeals found *J.S.S.* distinguishable and found that a juvenile's Fifth Amendment rights were not violated where the juvenile's probation officer did not ask the juvenile about extraneous offenses and the trial court made its disposition decision without taking into account the juvenile's prior acts. *See* No. 08-02-00476-CV, 2004 WL 231928, at *5 (Tex. App.—El Paso Feb. 5, 2004, no pet.) (mem. op.).

In the present case, the State concedes that the incriminating statements made by appellant during the interview were taken in violation of article 38.22. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2(a). However, the trial court struck the statements from the report and specifically stated that it would not consider the inadmissible statements. We assume the trial court disregarded the evidence unless the record clearly shows the contrary. *See Herford v. State*, 139 S.W.3d 733, 735 (Tex. App.—Fort Worth 2004, no pet.) (stating that while an appellate court no longer automatically presumes the trial court did not consider inadmissible evidence, it can assume that the trial court disregarded irrelevant or inadmissible evidence when it indicated it would and the record fails to show that the court did otherwise); *see also Chavira v. State*, No. 13–10–00002–CR, 2011 WL 2732610, at *5 (Tex. App.—Corpus Christi July 14, 2011, no pet.) (mem. op., not designated for publication) (holding the same). The trial court did not abuse its discretion in admitting the disposition report.

Appellant also argued that the trial court violated her Fifth Amendment rights by

eliciting testimony from her during the disposition hearing. Appellant testified on her own behalf at the disposition hearing. The State declined to cross-examine appellant, but the trial court questioned appellant. The trial court asked appellant whom she stayed with during an earlier period when she ran away. Appellant's counsel objected and urged appellant to "invoke her [F]ifth [A]mendment privilege." The trial court denied the objection and stated that appellant waived her Fifth Amendment privilege by testifying. Thereafter, appellant responded to the trial court's questions by stating that she did not remember.

"When a criminal defendant voluntarily takes the stand to testify in his own defense, he waives his privilege against self-incrimination." *Ramirez v. State*, 74 S.W.3d 152, 155 (Tex. App.—Amarillo 2002, pet. ref'd) (citing *Nelson v. State*, 765 S.W.2d 401, 403 (Tex. Crim. App. 1989)); *see Felder v. State*, 848 S.W.2d 85, 99 (Tex. Crim. App. 1992) (en banc) ("Once an appellant decides to testify at trial he opens himself up to questioning by the prosecutor on any subject matter which is relevant."). Here, appellant testified about incidents involving her mother and step-father that made her feel like running away. The trial court asked appellant about her whereabouts when she was on runaway status. We hold that appellant's Fifth Amendment privilege was not violated when the trial court questioned her. We overrule appellant's sole issue.

## IV. Conclusion

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
8th day of January, 2015.

5