

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00162-CR

———————————————

TRISTON DAVID SOPKO, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR19-0437

---

Before Bassel, Womack, and Wallach, JJ.
Opinion by Justice Womack

## OPINION

## I. INTRODUCTION

After pleading true to violating the terms of his probation, Appellant Triston David Sopko was sentenced to seven years' confinement by the trial court. In a sole issue on appeal, Sopko complains that the trial court abused its discretion by denying his pretrial motion for discovery in deprivation of his rights under Article 39.14 of the Texas Code of Criminal Procedure, arguing that the State improperly withheld two pieces of material evidence before his revocation hearing. Tex. Code Crim. Proc. Ann. art. 39.14. We affirm the trial court's judgment.

## II. BACKGROUND

In 2019, Sopko was indicted on felony counts of family-violence assault and retaliation. He was appointed trial counsel, and the trial court entered a standing discovery order pursuant to "Texas discovery law in criminal cases and, specifically, Article 39.14 of the Texas Code of Criminal Procedure." The order required the State to produce the items enumerated in Article 39.14(a) and exculpatory *Brady* evidence. Tex. Code Crim. Proc. Ann. art. 39.14(a); *see Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

Sopko entered into a plea agreement and was placed on probation for ten years. It is undisputed that the State produced to Sopko all discovery materials required by Article 39.14 before he pleaded guilty; those materials included two particular pieces of evidence: (1) a video of the assault in question, and (2) a written statement to police

2

from Justin Brown, the victim of the assault. Sopko's attorney acknowledged this production by signing an Article 39.14(j) compliance form. Tex. Code Crim. Proc. Ann. art. 39.14(j).

Five months later, the State moved to revoke Sopko's probation. Sopko was appointed a different attorney to represent him in the revocation proceeding. His newly appointed attorney filed a motion for discovery and a motion for continuance, which sought more time to prepare and interview recently discovered witnesses. The motion for discovery sought an order for the State to disclose materials from a list of dozens of evidentiary categories on due process grounds, but it did not explicitly invoke Article 39.14.[1]

---

[1]The State argues that Sopko failed to preserve his issue because he complains on appeal of an alleged Article 39.14 violation, but his motion to the trial court did not specifically invoke Article 39.14. *See* Tex. R. App. P. 33.1(a)(1)(A) (requiring, for purposes of preserving appellate review, a complaint made to the trial court by motion to have "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint"); *see also Medina v. State*, No. 10-19-00007-CR, 2020 WL 4690150, at *2 (Tex. App.—Waco Aug. 12, 2020, no pet.) (mem. op., not designated for publication) (holding appellant failed to preserve *Brady* issue when motion for new trial complained only of Article 39.14 violation); *Glover v. State*, 496 S.W.3d 812, 815 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) ("By its express language, [Article 39.14] requires a defendant to invoke his right to discovery by request to avail himself of the [Article's] benefits.").

Sopko's motion does not specifically invoke Article 39.14, but it does designate for disclosure certain evidentiary categories (e.g., "[l]aw enforcement reports," "written or recorded statements made by the [d]efendant," and "[a]ny books, papers, documents, photographs[,] or tangible objects . . . obtained from the [d]efendant") that are enumerated in Article 39.14. Because we are to liberally construe the Rules of Appellate Procedure so as not to effectuate a waiver whenever reasonably possible, we

Without a plea agreement, Sopko pleaded true to violating his probation terms and requested that the trial court assess his punishment. At the outset of the revocation hearing, Sopko's attorney reurged his motion for discovery:

> [DEFENSE]: For the record, on my motion for discovery - - I think we've discussed this before.[2]

> THE COURT: We did, and the Court is going to deny that request.

> [DEFENSE]: Thank, [sic] Your Honor. And, at that point, I will withdraw my motion for continuance.

Brown, the assault victim, testified as a mitigation witness for Sopko. He stated that he and Sopko were, and continued to be, friends and characterized the assault as "just a scuffle." On direct examination, Sopko's attorney asked Brown about the video of the assault:

> [DEFENSE]: In fact, there was a video taken of [the assault], right?

> [BROWN]: Yes.

> [DEFENSE]: Okay. And have you seen the video?

---

will address Sopko's issue. Tex. R. App. P. 38.1(f), 38.9; *see Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2008) (instructing that use of hyper-technical phrases are not required to preserve review, only that appellant have "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.") (quoting *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009)).

[2]The record before us contains no previous discussion between the trial court and Sopko's attorney on this matter.

4

[BROWN]: I have, several times. It went viral over Facebook.

[DEFENSE]: But, actually, in that video, you and the Defendant just are - -

[BROWN]: Gone.

[DEFENSE]: - - gone for a second, right?

[BROWN]: Yes.

[DEFENSE]: Okay.

[BROWN]: It was over that quick with us . . . .

Sopko's attorney also twice asked Brown whether he had provided a written statement to the police at the time of the assault, but Brown stated that he did not remember giving a statement. On cross-examination, over no objection from the defense, the State refreshed Brown's recollection with his written and signed statement from the night of the assault. At the conclusion of the hearing, the trial court sentenced Sopko to seven years' confinement.

## III. DISCUSSION

Sopko contends that the trial court's denial of his motion for discovery deprived him of the discovery rights granted under Article 39.14. He argues that, in light of the Court of Criminal Appeals's recent holding in *Watkins*, the video of the assault and Brown's written statement were material and should have been produced by the State again prior to the revocation hearing. *Watkins v. State*, 619 S.W.3d 265, 290 (Tex. Crim. App. 2021).

5

Throughout his brief, Sopko conflates the standards governing Article 39.14 violations and due process violations under *Brady*. Tex. Code Crim. Proc. Ann. art. 39.14; *Brady*, 373 U.S. at 87, 83 S. Ct. 1196-97. He states as his sole issue on appeal that his rights under Article 39.14 were violated and substantively argues that the allegedly withheld evidence was material in light of *Watkins,* 619 S.W.3d at 288. He then erroneously posits that we should determine error here using the traditional, three-pronged *Brady* test, citing in support *Pena v. State*, 353 S.W.3d 797 (Tex. Crim. App. 2011), a pre-Michael Morton Act case that reviewed only an issue involving a *Brady* violation.

The court in *Watkins*, however, was exclusively concerned with the definition of "material" as it appears in Article 39.14 and drew a bright line between how courts should analyze Article 39.14 violations and *Brady* violations. *Watkins*, 619 S.W.3d at 277, 288 (stating that changes to Article 39.14 through the Michael Morton Act impose a "much broader" duty of disclosure on the State than does *Brady*, making it "inconsistent with [the Court of Criminal Appeals's] precedent relying on the due process concept of 'materiality' to determine whether the refusal to order disclosure amounted to harmful error").

As such, to the extent that Sopko's briefing can be construed to also attempt to assert a *Brady* violation, we conclude that this issue is inadequately briefed and

6

multifarious.[3]  *See* Tex. R. App. P. 38.1(f), (h) (requiring that appellant's brief must "state concisely all issues or points presented for review" and "contain a succinct, clear, and accurate statement of the arguments made in the body of the brief."); *Aldrich v. State*, 928 S.W.2d 558, 559 n.1 (Tex. Crim. App. 1996) (instructing that an issue may be properly denied as multifarious if it contains more than one legal theory); *see also Williams v. State*, No. 02-19-00484-CR, 2020 WL 6066198, at *2 (Tex. App.—Fort Worth Oct. 15, 2020, no pet.) (mem. op., not designated for publication) (choosing to review claim conflating statutory and due process standards as having raised only a statutory issue where appellant substantively briefed only the statutory issue).

We will, therefore, address Sopko's sole issue as he substantively briefed it—whether the trial court abused its discretion in violation of Sopko's rights under Article 39.14 in light of *Watkins*.  *See Williams*, 2020 WL 6066198, at *2.  Assuming, without deciding, that the trial court erred, we hold that any such error was harmless.

## A.  Standard of Review and Applicable Law

A trial court's ruling on pretrial discovery is reviewed for an abuse of discretion.  *Branum v. State*, 535 S.W.3d 217, 224 (Tex. App.—Fort Worth 2017, no

---

[3]Even if Sopko had properly raised a purely *Brady* claim, it would necessarily fail because it is undisputed that he was aware of both the video and the written statement before the revocation hearing.  *Pena*, 353 S.W.3d at 810 (holding that the State does not have a duty to disclose *Brady* material "if the defendant was actually aware of the exculpatory evidence or could have accessed it from other sources").

pet.). If a trial court abuses its discretion in violation of Article 39.14, appellate courts must subject the error to a harm analysis. *Watkins*, 619 S.W.3d at 269; *see Williamson v. State*, No. 04-20-00268-CR, 2021 WL 4976326, at *3 (Tex. App.—San Antonio Oct. 27, 2021, no pet. h.) (mem. op., not designated for publication) (performing harm analysis following holding in *Watkins*). "[W]hen only a statutory violation is claimed, the error must be treated as non[]constitutional for the purpose of conducting a harm analysis . . . ." *Gray v. State*, 159 S.W.3d 95, 98 (Tex. Crim. App. 2005); *see Williamson*, 2021 WL 4976326, at *3–4 (applying 44.2(b) harm analysis to Article 39.14 violation); *Branum*, 535 S.W.3d at 225–26 (same); *Ziegler v. State*, No. 04-15-00559-CR, 2016 WL 5795208, at *2 (Tex. App.—San Antonio Oct. 5, 2016, no pet.) (mem. op., not designated for publication) (same). Rule 44.2(b) requires reviewing courts to disregard any nonconstitutional error that does not affect appellant's substantial rights. Tex. R. App. P. 44.2(b).

To determine whether an error implicated a substantial right in a nonjury proceeding, courts consider "whether a party had a right to that which the error denied." *Johnson v. State*, 72 S.W.3d 346, 348–49 (Tex. Crim. App. 2002). If the error implicated a substantial right, courts must then consider the entire record to determine the potential impact of the error on the factfinder's decision. *Coble v. State*, 330 S.W.3d 253, 281 (Tex. Crim. App. 2010); *see Johnson*, 72 S.W.3d at 348–49 (holding in a nonjury proceeding that no harm flowed from trial court's error without deciding if the central issue—whether the requirement that a waiver of trial by jury be

8

written—implicated a substantial right); *Hastings v. State*, 20 S.W.3d 786, 791 (Tex. App.—Amarillo 2000, pet. ref'd) (applying standard to nonjury proceeding). If the potential impact did not influence the result or had only a slight effect, then the error is harmless. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *see Smith v. State*, 290 S.W.3d 368, 375 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (applying standard to nonjury revocation proceeding). "In short, [the error] must be substantial and injurious before reversal is permitted." *Hastings*, 20 S.W.3d at 791.

Article 39.14(a) requires the State, upon timely request, to produce and permit the inspection and electronic duplication of "material" evidence by the defense. Tex. Code Crim. Proc Ann. art. 39.14(a); *see Watkins*, 619 S.W.3d at 290 (defining "material" under Article 39.14 as "having a logical connection to a consequential fact" and "synonymous with 'relevant'"). The State has an additional, affirmative duty to disclose "exculpatory, impeachment, or mitigating" materials that "tend[] to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged." Tex. Code Crim. Proc Ann. art. 39.14(h).

## B. Harmless Error

Sopko argues that he was harmed because "if he could have shown the video and prepared with prior witness statements, he may have been able to persuade the trial court to impose a lesser punishment due to the circumstances of the underlying offense." We will assume, without deciding, three threshold matters: (1) that the video and written statement were material under Article 39.14; (2) that the trial court

9

erred by denying Sopko's motion for discovery; and (3) that any assumed error related to Article 39.14 implicated a substantial right. Having considered the whole record in light of our assumptions, we conclude that Sopko was not harmed because any assumed error did not influence or had only a slight effect on the trial court's sentence. *See Johnson*, 72 S.W.3d at 348–49.

The record reflects—and Sopko concedes—that the State not only produced the video and written statement before Sopko pleaded guilty to the underlying assault, but it also exceeded its statutory duty and provided him copies of both before his original plea hearing. *See* Tex. Code Crim. Proc. Ann. art. 39.14(a) (requiring only that the State "produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant" and providing that the State "*may* provide to the defendant electronic duplicates of any documents or other information described by this article") (emphasis added); *see Mundo v. State*, No. 08-19-00077-CR, 2020 WL 5105210, at *4 (Tex. App.—El Paso Aug. 31, 2020, no pet.) (not designated for publication) (holding no violation of Article 39.14 when record showed that State initially produced photograph that later came up missing and when defense counsel admitted to previously examining photograph but failed to obtain or ask for a copy of photograph).

Further, the video "went viral" on Facebook, and it appears that Sopko's revocation attorney knew of the video and written statement as he was the first to raise the existence of both on direct examination. *See Means v. State*, 429 S.W.2d 490,

10

496 (Tex. Crim. App. 1968) ("If appellant's counsel, of course, actually knew the facts which were withheld, appellant cannot [later] seek relief on the basis of the State's failure to disclose the same facts."); *Havard v. State*, 800 S.W.2d 195, 204–05 (Tex. Crim. App. 1989) (holding no error where exculpatory evidence was allegedly withheld from defense because defendant had independent knowledge of the evidence and evidence had been broadcast on a local radio station); *cf. Sibaluca v. State*, No. 02-19-00150-CR, 2020 WL 6601608, at *8 (Tex. App.—Fort Worth Nov. 12, 2020, pet. ref'd) (mem. op., not designated for publication). Therefore, the trial court's denial of Sopko's motion for discovery had little impact on the outcome because Sopko knew about the video and written statement and had been in physical possession of both during the pendency of his criminal proceedings. *See Means*, 429 S.W.2d at 496.

Next, Sopko was not harmed because his right to access the Article 39.14 materials existed independent of the trial court's denial of his motion. *Watkins*, 619 S.W.3d at 288 (stating that disclosure under Article 39.14 "is no longer left to the discretion of the trial court"). Sopko was not required to file a motion seeking a discovery order—he merely needed to make a discovery request to the State.[4] Tex.

---

[4]It is notable that the record does not reflect—and Sopko never argues—that the State ever rescinded its initial production or prohibited Sopko from inspecting the evidence before his revocation hearing. As far as he contends, without supporting authority, that the State was required to re-produce its Article 39.14 materials prior to the revocation hearing, it logically follows that Sopko needed to first re-produce his discovery request to the State. *See* Tex. Code Crim. Proc. Ann. art 39.14(a).

11

Code Crim. Proc. Ann. art. 39.14(a); *Watkins*, 619 S.W.3d at 284. We also know that the trial court *did order* the State to comply with all production and disclosure requirements. In fact, this standing discovery order was more expansive than the order sought by Sopko in that it explicitly required production of both Article 39.14 and *Brady* materials. Put differently, Sopko was not harmed because nothing in the record suggests that any obstacle existed to block him from accessing these materials prior to the revocation hearing—the trial court's ruling on his motion did nothing to change this.

Sopko also argues that he was harmed by not having time to prepare for the hearing using the video and witness statement. However, any such harm could have been alleviated by a request for continuance. *See Sibaluca*, 2020 WL 6601608, at *7; *Branum*, 535 S.W.3d at 226–27. Sopko's revocation attorney did file a motion for continuance but promptly withdrew it after his motion for discovery was denied. In doing so, he forfeited any complaint of lack of time to prepare. *Branum*, 535 S.W.3d at 226–27

Finally, Sopko's arguments in the trial court and on appeal rely heavily on minimizing the underlying assault to a mere "scuffle between friends." He contends that showing the video to the trial court may have helped demonstrate this and that

---

However, the record does not reflect that Sopko re-produced his request, and we know that his motion for discovery did not suffice to trigger production by the State. *Majors v. State*, 554 S.W.3d 802, 807–08 (Tex. App.—Waco 2018, no pet.).

having the written statement may have impacted his preparation for Brown's testimony about the assault. However, the trial court made it clear that its sentence was based on Sopko's inability to successfully complete probation:

> THE COURT: And, Mr. Sopko, you come to Court asking for compassion, but you've done nothing on probation.
>
> [SOPKO]: Yes, sir.
>
> THE COURT: Nothing.
>
> [SOPKO]: I understand that.
>
> THE COURT: Zero.
>
> . . .
>
> THE COURT: I can obviously see you're a young man.
>
> [SOPKO]: Yes, sir.
>
> THE COURT: But there are consequences for actions; and the - - the underlying reason that you're here, you told me you were guilty on both these counts. The time before I'm sure [I] asked you a bunch of questions about explaining - - or if you understood; and I would anticipate that you answered affirmatively or we would not have gone forward. But by the same token, the reason - - at that time, you didn't go to prison; but when you don't do anything in your own felony probation - - two felony probations and you don't do anything? I don't know what I'm supposed to expect.

This exchange reveals that the trial court's sentence was grounded on Sopko's probation performance rather than the severity of the underlying offense. Thus, any error linked to the video and written statement was harmless because both pieces of evidence related only to the underlying offense and were immaterial to the court's

13

sentencing determination.  *Cf. Fielder v. State*, Nos. 07-13-00353-CR, 07-14-0423-CR, 07-14-00424-CR, 2015 WL 5965579, at *5 (Tex. App.—Amarillo Oct. 13, 2015, no pet.) (mem. op., not designated for publication) (holding no harm when trial court admitted potentially inadmissible evidence of extraneous offense and imposed a sentence of incarceration after stating that it would "take [the evidence] for whatever purpose it takes it"); *Herford v. State*, 139 S.W.3d 733, 735 (Tex. App.—Fort Worth 2004, no pet.) ("We therefore assume the trial court disregarded inadmissible evidence unless the record clearly shows the contrary.").

## IV. Conclusion

Having reviewed the entire record and concluded that Sopko was not harmed by any assumed error, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Publish

Delivered:  December 16, 2021

14